## In re KESSLER.

No. 5609-a.

District Court, D. New Jersey.

Dec. 11, 1944.

Meyer M. Semel, of Newark, N. J., for creditor.

Herman Dansker, of Newark, N. J., for bankrupt.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by one Annie Nowack, a creditor, pursuant to Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. The only question of any merit is a question of law which was not raised before either the Referee or this Court.

The petition in bankruptcy was filed and the order of adjudication was entered thereon on June 12, 1944. At the first meeting of creditors, held on June 30, 1944, pursuant to Section 55 of the Act, 11 U.S.C.A. § 91, the present creditor initiated an inquiry into the affairs of the bankrupt. This meeting was adjourned to July 28, 1944, at which time the examination of the bankrupt was resumed. This meeting was adjourned to September 8, 1944. It is important to note, however, that the examination of the bankrupt had not been completed at the time of this adjournment. On June 30, 1944 the Referee, under Section 14, sub. b of the Act, 11 U.S.C.A. § 32, sub. b, made an order fixing August 25, 1944 "as the last day for the filing of objections to the discharge of the said bankrupt." On August 28, 1944, no objections to the discharge having been filed, an order discharging the bankrupt was entered. On September 11, 1944 the present creditor petitioned the Referee to vacate the said order. This petition was denied.

It appears from the record, as thus briefly summarized, that the order of June 30, 1944, fixing the time for the filing of objections to the bankrupt's discharge, was prematurely entered before the examination of the bankrupt had been properly completed, and, the order of discharge entered thereafter abruptly terminated the right of the present creditor to pursue her inquiry into the affairs of the bankrupt. There were many suspicious circumstances which demanded investigation, and it is the opinion of the Court that the examination of the bankrupt should not have been concluded without affording the present creditor an adequate opportunity to make exhaustive inquiry. This opportunity was denied her.

Section 14, sub. b of the Act, 11 U. S.C.A. § 32, sub. b provides: *"After the bankrupt shall have been examined, * * *, concerning his acts, conduct, and property, the court shall make an order fixing a time for the filing of objections to the bankrupt's discharge, * * *.* (Emphasis by the Court)" Collier on Bankruptcy, 14th Edition, § 14.01, 1250, commenting on this provision, states: "After the bankrupt has been

examined, the judge or referee makes an order fixing a time for the filing of objections to the bankrupt's discharge. This is intended to expedite hearing on the discharge and to get the matter heard while the creditors are still interested. *Nevertheless, the examination of the bankrupt must come first so that the creditors will learn what possible grounds of objection exist.* It was suggested that special provision be made 'for the disposition of discharges at the first meeting of creditors in cases where there are no bases for objection to the discharge or that no objections are contemplated.' This suggestion was properly rejected. *A certain amount of time should elapse so that full and complete information concerning the bankrupt and his estate may be obtained, since this will often result in the disclosure of grounds for objection to the discharge."* (Emphasis by the Court.)

It is the opinion of the Court that the proceedings were not in compliance with the provisions of the Act and must, therefore, be vacated and set aside. The matter is recommitted to the Referee for further proceedings consistent with·this opinion.