In re CIRILLO.

No. 10070.

United States District Court
M. D. Pennsylvania.

Feb. 12, 1952.

716

Ralph Snyder (of Snyder & Dodson), Harrisburg, Pa., for bankrupt.

Elmer T. Bolla, Harrisburg, Pa., for creditor Mervin L. Guise.

FOLLMER, District Judge.

The above named bankrupt presented his petition to this Court to reopen his estate. The matter was immediately referred by the Court to a Referee in Bankruptcy to determine

(a) whether the case should be reopened for the sole purpose of discharging the said bankrupt, and

(b) if the case should be so reopened, whether the bankrupt's application for discharge should be granted.

After hearing, the Referee filed an order dismissing the petition. The matter is now before the Court on petition of the bankrupt for review of the order of the Referee.

In his opinion, accompanying the order, the Referee finds, inter alia, as follows:

That on January 5, 1940, Frank P. Cirillo was adjudicated a voluntary bankrupt and the proceedings were referred to Referee John T. Olmsted, now deceased. After a first meeting of creditors, the case was closed as a no-asset case and all papers were forwarded to the Clerk of the Court on July 2, 1940. The transcript of the proceedings before the Referee contains no notation of notice or hearing on the question of the objections to the bankrupt's discharge. By order filed March 29, 1940, the Court fixed June 4, 1940, as the time for creditors to show cause why the bankrupt should not be granted a discharge. No further action appears to have been taken until October 9, 1942, when the then attorney for the bankrupt wrote to the Clerk of the Court asking to be advised what was necessary to get a discharge in the case. The Clerk replied that on the day the Court order was filed a copy of the same with forms and instructions were mailed to the then attorney for the bankrupt; that nothing was done; that if it was desired to further prosecute the discharge, it would be necessary to present a petition with the order attached, requesting an extension of the date for final hearing, and after the order was signed, new forms and instructions would be forwarded.

Nothing further was done until the petition to reopen the case was filed March 2, 1951. This petition avers that on April 2, 1940, subsequent to the adjudication, one Mervin L. Guise, whose claim was listed in the schedule attached to Petition for Adjudication, caused judgment to be entered on said claim in the Court of Common Pleas of Dauphin County, Pennsylvania, in the sum of $1,051.43; that on November 14, 1949, the said Guise completed the revival of said judgment and on the same day caused an execution to be issued on said judgment, as the result of which certain goods and chattels, allegedly the property of the bankrupt, were levied upon by the Sheriff of Dauphin County. Bankrupt petitioned the Court of Common Pleas for a rule on Guise, the execution plaintiff, to show cause why the execution should not be stayed. The Court withheld disposition of the rule conditioned upon the bankrupt filing a petition to reopen with this Court.

The petition for adjudication herein was filed January 5, 1940, which, of course, brings it under the provisions of the Chandler Act, effective September 22, 1938, by the terms of which an adjudication operated as an automatic application for discharge. 11 U.S.C.A. § 32, sub. a.

The Referee states: "For several years following the enactment of the Chandler Act it was the practice in this court for one of the Judges to enter an order fixing a time for hearing at which creditors could appear and object to the bankrupt's discharge. Upon the entry of this order the Clerk would notify the attorney for the bankrupt to prepare the notices to creditors,

in accordance with the form submitted, and place the notices in franked envelopes furnished by the clerk. These envelopes containing the notice and addressed to the respective creditors were then sent by the bankrupt's attorney to the Clerk of the Court who mailed them under his franking privilege. About the time the undersigned Referee took office on January 1, 1942 this practice was changed and the Referee now makes an order fixing the time within which objections could be filed, prepares and mails the notices to creditors himself."

Bankruptcy Act § 58, sub. c, 11 U.S.C.A. § 94, sub. c, as amended by the Chandler Act reads as follows: "All notices shall be given by the referee unless otherwise ordered by the judge. Any notice required by this title may be waived in writing by any person entitled thereto."

I find no modification of this rule by the Court in this case, nor do I find any waivers of the notice. Under the statute the clear duty of giving all notices was on the Referee and no one else unless otherwise ordered by the Court. That the then Referee and the then Clerk conceived some other method of sending out notices and attempted to enforce the same by their orders or directives, it seems to me to be entirely aside from the point. It was the Referee's job and he had no right nor authority under the law to side-step it or to attempt to delegate it to another. The bankrupt cannot be said to be at fault in failing to comply with an order that was in direct contradiction of the statute.

■ Prior to the amendment of Section 2, subdivision a(8) of the Bankruptcy Act of 1938, 11 U.S.C.A. § 11, sub. a(8), the provision for reopening reads "* * * and reopen them (estates) whenever it appears they were closed before being fully administered;". The clause now reads "* * * and reopen estates for cause shown;". As stated by the Court in Re Zimmer, D.C.S.D.Cal., 63 F.Supp. 488, 490, "The effect of the change is to give greater power to the bankruptcy court in reopening estates."

In speaking of the provision of the Chandler Act making the adjudication an automatic application for discharge, in a concurring opinion in Cohen v. Keller, 2 Cir., 108 F.2d 495, 496, Judge Clark said: "* * * The committee reporting the bill through Congressman Chandler stated specifically that the new provision 'removes the troublesome and often harsh limitation of time within which the bankrupt may make' his application; it continued with a criticism of the 'very serious hardship' which had made the bankrupt lose the benefit of the entire proceeding itself through some oversight on his part or on that of his counsel. H.R.Rep.No. 1409, 75th Cong., 1st Sess. (1937) p. 28."

In Re Farrow, D.C.S.D.Cal., 28 F.Supp. 9, referring to the same section of the Act, the court said:

"* * * The effect of the change is thus stated in Moore's Bankruptcy Manual, 1939, Sec. 14.01, page 55: '(a) Subdivision (a) *confers a new privilege upon persons other than corporations.* The adjudication operates as an application for a discharge. Thus *in all non-corporate cases the provision protects the bankrupt from oversight in applying for a discharge and tends to prevent intentional delay by a fraudulent bankrupt until the creditors have lost interest and are less likely to oppose a discharge.* The provision for a waiver avoids the necessity of a formal hearing where the bankrupt does not desire a discharge.'

"* * * A discharge, which releases the bankrupt of his debts, and bars action on them, is a legal right to be denied only if the bankrupt is guilty of one of the acts, which the Bankruptcy Act makes ground for denial. * * * Provisions for discharge are interpreted liberally in favor of the bankrupt."

The Chandler Act did nothing to impair this legal right of the bankrupt, on the contrary it did a lot for him in relieving him of the burden of formally requesting a discharge with the consequent loss of its beneficent effects if he failed to make timely application therefor. At the moment of his adjudication, his application for discharge was of record.

718

In view of the complete failure of the Referee to follow the express provisions of the Act in the matter of sending out notices to creditors, I find ample good cause for the reopening of this estate. The matter will have to be referred again to the Referee for a determination on the merits, namely, should bankrupt's application for discharge be granted?