**In the Matter of Helen BAKER, Bankrupt.**

**No. 36575.**

United States District Court
W. D. Missouri, W. D.
April 25, 1969.

Edward F. Aylward, Kansas City, Mo., for movant.

William C. Paxton, Independence, Mo., for bankrupt.

## ORDER REOPENING BANKRUPT ESTATE

BECKER, Chief Judge.

By motion filed herein on December 30, 1968, John J. Hogerty, a creditor of the above bankrupt, has moved to reopen the above bankruptcy estate, in which there is a discharge of the said bankrupt entered as of September 11, 1968.

In the motion to reopen, Mr. Hogerty charges that (1) he desired to object to the discharge on the ground that the bankrupt misrepresented her assets and liabilities to him at the time she borrowed money from him, but that "he has been unable to develop his objections or file same due to the abrupt discharge of the bankrupt"; (2) that the attorney for bankrupt had furnished this creditor with some deeds for the purpose of making an investigation "with a view toward filing objections when the bankrupt was discharged"; (3) that Hogerty did not have sufficient time to file his objections "since he relied on the attorney for the bankrupt to furnish all information as to bankrupt's disposition of her real estate, * * * and all of the information was not furnished and what was furnished is incomplete"; and (4) that further proceedings will not result in prejudice to bankrupt, because the movant had informed said bankrupt in open court of his intention to file objections.

Attached to the motion is a xerographed copy of a chattel mortgage and note given on July 1, 1961, by "Mrs. Helen G. Baker" to "Hogerty Sales Company" in the total amount of $21,494.14, payable in 42 monthly installments of $511.76 each, to commence on July 15, 1961. Also attached is an undated extension agreement whereby Hogerty Sales Co. for the consideration of the payment of 6% interest "mutually agreed" with Helen G. Baker that, for the unpaid balance of $10,747.18 on an unidentified contract, that contract was amended to provide future payments of 32 monthly installments of $345.21, commencing September 15, 1963. Also attached is a statement of assets and liabilities which is dated August 29, 1960, and purported to be signed by "Mrs. Helen G. Baker" for the ostensible purpose of obtaining a chattel mortgage. It lists as assets, *inter alia*, $53,900 in "Real Estate" and total assets of $65,200. A fourth attachment is an undated and otherwise unidentified list of "Real Estate Owned: Mrs. Helen G. Baker". That document lists some eight separate properties purportedly owned by the bankrupt.

The bankrupt's suggestions in opposition to the motion to reopen do not contest the accuracy of the financial statement of August 29, 1960, but rather point out that movant seeks to compare it with the bankruptcy schedule (which lists no real estate and total assets of $100) filed March 13, 1968, eight years later.

Further, it is not denied in the bankrupt's suggestions that she knew of movant's announced intention to file objections. Rather she states that her good faith is shown by her submission to inspection by the attorney for the movant of all deeds conveying bankrupt's estate, which she formerly owned, and that May 3, 1968, was fixed in the notice of order fixing time for filing objections to discharge issued by the referee in bankruptcy on March 21, 1968.

The bankrupt also states that her discharge came on September 11, 1968, nearly six months after the petition was filed. The files and records in the case,

certified to this Court, further reveal the following: that Edward F. Aylward, attorney at law, the City of Independence, Missouri, and J. J. Hogerty doing business as Hogerty Sales Co., 1219 West 67th Terrace, Kansas City Missouri, were listed as unsecured creditors in schedule A–3 of the debtor's statement of affairs which was filed with her petition in bankruptcy on March 15, 1968; that on March 21, 1968, the "Order for first meeting of creditors and order fixing the time for filing objections to discharge" was issued by the referee; that May 3, 1968, was thereby fixed as the last day for the filing of objections to the discharge of the bankrupt; that the said order was certified by Pat Sneed, a regularly appointed and qualified clerk of the referee, to have been mailed on March 21, 1968, to each creditor; and that no application or request by movant for extension of that date appears in the records. The same files and records also reveal that the first meeting of creditors was held on April 3, 1968, at 11:00 a.m. and continued to April 24, 1968, at 11:00 a.m.; that a continued first meeting was held on April 24, 1968, at 11:00 a.m., at which Edward Aylward, representing J. J. Hogerty, was present and at which William B. Bostian was appointed trustee without bond; and that the bankrupt was examined, and testified that she was a widow, aged 59, who had no minor children, no real estate, and expected a refund from some source of $54.00; and that this refund was her only asset.

It is further shown that the first meeting was further continued to May 21, 1968, at 11:00 a.m.; that on that date it was further continued to June 3, 1968, at 10:00 a. m. ; and that at the continued first meeting on June 3, at which Mr. Aylward was present, the first meeting was further continued "generally."

 Under the relevant portion of the Bankruptcy Act, Section 32(b), Title 11, U.S.C., the bankruptcy court:

" * * * shall make an order fixing a time for the filing of objections to the bankrupt's discharge which shall be not less than thirty days after the first date set for the first meeting of creditors. Notice of such order shall be given to all parties in interest as provided in section 94(b) of this title. If the examination of the bankrupt concerning his acts, conduct, and property has not or will not be completed within the time fixed for the filing of objections to the discharge the court may, upon its own motion or upon motion of the receiver, trustee, a creditor, or any other party in interest or for other cause shown, extend the time for filing such objections. Upon the expiration of the time fixed in such order or of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed. * * *"

Therefore, bankrupt contends that the discharge of the bankrupt by the referee was proper. By virtue of Section 11(a) (8), Title 11, U.S.C., however, the court is invested with the power to reopen a bankruptcy case, in its discretion, "for cause shown." According to many recent cases, the quoted phrase, which was added by the Chandler Act in 1938, was intended to broaden the power to reopen cases. See, e.g. In re Reid (W.D. Va.) 198 F.Supp. 689, affirmed (C.A. 4) 304 F.2d 351; In re Cirillo (M.D. Pa.) 102 F.Supp. 715.

 Both obtaining credit by false pretenses and fraudulent conveyances are grounds for refusing a discharge in bankruptcy. Section 32, Title 11, U.S.C. Obtaining credit by false pretenses creates a debt not dischargeable in bankruptcy (Section 35, Title 11, U.S.C.), and there remain other possible adequate remedies therefor. In case of fraudulent conveyances an appropriate remedy is to refuse discharge. When the court is informed that there is a bona fide claim that there has been a fraudulent conveyance, it has the duty to vacate the order of discharge and afford all creditors an opportunity to proceed against the bankrupt. Cf. In re Walton (W.D. Mo.) 51 F.Supp. 857; In

re Chapman (N.D.N.Y.) 55 F.2d 965. Bankrupt, however, cites In re Joslyn's Estate (C.A. 7) 171 F.2d 159, to the effect that *prima facie* proof of the charge that the bankruptcy estate has unadministered assets must be made before the bankruptcy court has the power and duty to reopen the case. See also In re Leigh (C.A. 8) 272 F. 678, cert. den. 256 U.S. 698, 41 S.Ct. 537, 65 L.Ed. 1177; Thomas v. Lurie (C.A. 7) 204 F.2d 788. In this case, movant has not alleged a fraudulent conveyance of any property, but alleges only that there are suspicious circumstances indicating that there may be fraudulent conveyances. At most, the allegations and evidence on which movant seeks to have the estate reopened indicate suspicious circumstances, which are normally not considered as a valid objection to a discharge in bankruptcy.

■■■■ In this case, however, the first meeting was never concluded. It is the purpose of the first meeting as set down in Section 25 (a) (10), Title 11, U.S.C., that the debtor therein:

"* * * submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate or the granting of his discharge; but no testimony given by him shall be offered in evidence against him in any criminal proceeding, except such testimony as may be given by him in the hearing upon objections to his discharge."

It is clear that the purpose of the first meeting was not fulfilled by the granting of discharge before its conclusion. The files and records would indicate that no extensive examination of the bankrupt was had thereby to enable movant to determine the basis for valid objections. In such a case, full administration may not have been had, and the spirit of the Act is violated. Concealment or fraudulent transfer is a valid subject of examination, Willoughby v. Jamison (C.A. 8) 103 F.2d 821, and movant may have been prevented by this abrupt termination of the proceedings from obtaining facts to support a valid objection. Further, Section 32(b), Section 11, U.S. C., provides that the court may extend the time for filing objections on its own motion if examination will not have been completed within the time originally fixed. The discretion of the referee thus accorded by statute should be exercised to "extend the period to prevent injustice in cases where discovery of possible grounds for objections to the discharge has been prevented by acts or omissions on the part of the bankrupt," In re Meckler (D. Md.) 156 F.Supp. 20, 23. Here, the records do not show that bankrupt was examined or even present at continued first meetings after April 24, 1968. The case should therefore be reopened with instructions to the referee to conclude the first meeting and fix a time for the filing of objections. The right to reopen and reinstate bankruptcy cases exists where there is a seasonable and diligent application, good cause, and the absence of intervening rights which would make it inequitable and unjust to disturb the case. Wayne United Gas Co. v. Owens-Illinois Glass Company, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. Those requirements are met here. It is therefore

ORDERED that this cause in bankruptcy be reopened and that the first meeting be concluded and a time fixed for objections thereafter, with seasonable notification thereof given as required by Section 94, Title 11, U.S.C.