**In the Matter of John R. ADMIRE, Bankrupt.**

**John R. ADMIRE, Petitioner,**

v.

**VETERANS ADMINISTRATION, Respondent.**

**Bankruptcy No. 78–60082–B–SJ.**

United States Bankruptcy Court, W. D. Missouri, St. Joseph Division.

Oct. 26, 1981.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., for respondent.

FINAL DECREE RESTRAINING AND ENJOINING RESPONDENT FROM WITHHOLDING PENSION BENE-FITS FROM PETITIONER

DENNIS J. STEWART, Bankruptcy Judge.

The petitioner bankrupt petitioned the court for an order restraining and enjoining the respondent Veterans Administration from setting off an amount owed it as a deficiency after foreclosure against the petitioner's property against the petitioner's pension benefits.

It appears from the files and records herein that the petitioner's indebtedness to the respondent would be dischargeable in bankruptcy pursuant to § 17(a) of the Bankruptcy Act unless the petitioner's failure correctly to schedule the indebtedness to respondent in the schedules attached to his petition in bankruptcy should render the indebtedness nondischargeable. Section 17(a)(3) of the Bankruptcy Act provides that "[a] discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." The bankrupt petitioner listed the respondent's address on Schedule A-2 as:

"VETERANS ADMINISTRATION PROPERTY DIVISION
5413 KING HILL
ST. JOSEPH, MISSOURI."

In response to a previous order inquiring into the issue of actual knowledge, the Veterans Administration reported that

"The VA Regional Office, which administers the loan guaranty benefit program in which the bankrupt had participated, has only two official addresses in the State of Missouri. These are located in St. Louis and in Kansas City, and are respectively:

Federal Building
1520 Market Street
St. Louis, Missouri 63103

and

Federal Building
601 E. Twelfth St.
Kansas City, Missouri 64106

"Because of the error in specifying the address VA received no notice and had no actual knowledge of the proceedings in bankruptcy . . . .

"The address specified on the schedule is that of the Francis Co., a private real estate company in St. Joseph to which VA has from time to time assigned specific individual repossessed properties for management. It is a VA management broker . . . The bankrupt's former home at 3307 So. Leonard was never assigned for management to the Francis Co."

Moreover, the respondent stated that "[t]he management broker has no authority to act generally for the VA" except to make "periodic inspections of the properties" and to "supervis[e] the maintenance work such as grass cutting and snow removal."

But, regardless of whether the respondent had notice of the bankruptcy proceeding then, it does now *and* Rule 515 of the Rules of Bankruptcy Procedure provides that "[a] case may be reopened on application by the bankrupt . . . to accord relief to the bankrupt, or for other good cause." In referring to a letter he had recently received from the respondent regarding the withholding of his benefits effective with his December 1, 1981, benefit check, the petitioner wrote the court that "they are about to drive me crazy, as now, [I] do not get enough money to live on."

Bankruptcy courts not only are courts of law, but are courts of equity as well. See § 2(a) of the Bankruptcy Act. As such, justice requires this court to reopen this proceeding pursuant to Rule 515, *supra*. Otherwise, the fundamental purpose of the bankruptcy act, that of providing the bankrupt with a fresh start, is thwarted. Moreover, "[t]he right to reopen and reinstate bankruptcy cases exists where there is a seasonable and diligent application, good cause, and the absence of intervening rights which would make it inequitable and unjust to disturb the case." *In re Baker*, 299 F.Supp. 404, 407 (W.D.Mo.1969). It appears from a review of the file and records herein that those criteria have been met. The bankrupt was granted his discharge in bankruptcy on June 16, 1978. On December 5, 1979, the court received its *first* written inquiry from the debtor regarding the liability here in issue. Thus, although more than three years have passed since this case was closed, it appears that the bankrupt's "application" to reopen is both seasonable and diligent. As stated above, there is good cause to reopen this proceeding—the preservation of the bankrupt's fresh start. Finally, there do not appear to be any intervening rights which would make it inequitable and unjust to reopen this proceeding. In fact, as stated before, the converse is true—it would be unjust and inequitable not to reopen this proceeding. Furthermore, although it has been given implicit, if not explicit, opportunities to do so, the respondent has made no showing that the misscheduling was intentional or that the debt is otherwise nondischargeable in bankruptcy. Through foreclosure of the debtor's interest in his real property, the respondent already has received all that it would have been entitled to in this bankruptcy case. See 3 Collier on Bankruptcy ¶ 57.07[3], p. 169 (14th ed. 1977), to the following effect:

"it is safe to deduce from the Act that it contemplates a choice to be made by a secured creditor between the following three possibilities: (1) to prove his claim as an *unsecured* claim and surrender his security; or (2) to prove his claim as a

*secured* claim and give the bankrupt credit for the value of the security; or (3) not to prove at all and rely solely on the security."

Thus, a secured creditor, generally speaking, may elect whether to receive distribution as a secured creditor (and thereby obtain the value of the secured property) or else as an unsecured creditor (thereby receiving, instead of the value of the security, the balance due on its claim insofar as it exceeds that value). But both amounts, in a no-asset case, may not be obtained. In this case, the respondent has exercised its option to receive the value of the security. The deficiency is discharged in bankruptcy. The permanent injunction which accompanies a discharge in bankruptcy enjoins "all creditors whose debts are discharged from thereafter instituting any action or employing any process to collect such debt as personal liabilities of the bankrupt." Section 14(f)(2) of the Bankruptcy Act. And cf. *Matter of Smith*, 2 B.R. 417, 420 (W.D.Mo. Bkrtcy.1979). It is therefore

ORDERED that this bankruptcy proceeding be, and it is hereby, reopened for the limited purpose of finding that the bankrupt's indebtedness to the Veterans Administration, arising out of the deficiency from the foreclosure of the real property located at 3307 South Leonard Road, St. Joseph, Missouri, is dischargeable in bankruptcy. For that reason, it is therefore

ORDERED that the respondent Veterans Administration be, and it is hereby, enjoined and restrained from withholding the bankrupt's pension benefits.