In re Donald P. COUCH, Debtor.

McILROY BANK & TRUST, Plaintiff,

v.

Donald P. COUCH, Defendant.

Bankruptcy No. LR 80–457.
Adv. No. AP 83–045.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Sept. 24, 1984.

Wiliam R. Gibson, Fayetteville, Ark., for plaintiff.

C. Richard Crockett, Little Rock, Ark., for defendant.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

NOW ON this 3rd day of August, 1984, comes on for hearing three pending motions in the above-styled adversary proceeding. The plaintiff, McIlroy Bank, appeared by and through its attorney, Hon. William Gibson of Fayetteville; the trustee, Hon. Middleton P. Ray, Jr., appeared *pro se;* and the debtor appeared in person and by and through his attorney, Hon. Richard Crockett.

A relatively brief history of the case is necessary for an understanding of the issues presented here.

The original petition was filed on May 7, 1980 under the provisions of Chapter 11. Schedules were filed May 16, 1980 and subsequently the case was converted to Chapter 7 upon motion of the debtor, and Hon. Middleton P. Ray was appointed trustee. By Order dated September 24, 1981, the date of January 11, 1982 was fixed as the last day to file objections to discharge under § 727 and objections to the dischargeability of individual debts under § 523. No objections were filed and on March 1, 1982, the debtor was granted a discharge.

Subsequently, on June 1, 1982, the Hon. Dennis J. Stewart, Bankruptcy Judge for the Western District of Missouri, who had been assigned to this case due to the illness of Judge Arnold Adams, entered an Order *sua sponte* ordering debtor and a debtor-in-possession in a related case, Seven-Day Builders, Inc., to answer certain questions proposed in the Order within fifteen days. Then, on April 8, 1982, Judge Stewart issued another Order *sua sponte* directing the debtor to show cause why the Court should not abstain or dismiss the case and to show cause why the debtor's discharge should not be revoked.

Thereafter, without a hearing, Judge Stewart entered an Order vacating the debtor's discharge and resetting the time for filing objections to discharge to September 1, 1982. This Order was appealed by the debtor to the District Court on June 23, 1982, and on June 26, 1982 the appeal was dismissed because, in the District Court's opinion, the Order appealed from was interlocutory and therefore the case was not ripe for appeal. The deadline for objecting to discharge was then extended to November 1, 1982 by *sua sponte* Order entered September 27, 1982 and again extended *sua sponte* to December 1, 1982 then to January 15, 1983, then to March 1, 1983. The debtor appealed to the District Court the various orders extending the time to object. The case was then reassigned to the Honorable Frank P. Barker, Jr. by Order of the Chief Judge of the Eighth Circuit dated April 2, 1983. The District Court then on January 14, 1984 remanded the appealed orders to Judge Barker for "further consideration." Thereafter, Judge Barker entered an Order vacating Judge Stewart's Order entered on June 15, 1982 which vacated the debtor's discharge. Subsequently, the entire case was reassigned to the undersigned.

Meanwhile, on January 21, 1983, plaintiff, McIlroy Bank & Trust, filed this adversary proceeding objecting to discharge of the debtor and to the dischargeability of McIlroy's debt, for a money judgment, and in the alternative a motion to dismiss the case, and in the alternative a motion to abstain. The debtor filed a motion to dismiss and a counterclaim against McIlroy Bank & Trust, for tortious interference with a contract, tortious abuse of process, and malicious prosecution and asked for money damage in the sum of $17,561.15, actual damages, and punitive damages equal to ten percent of McIlroy Bank & Trust's net worth. McIlroy filed a motion to dismiss the counterclaim. Thereafter,

on March 28, 1984, McIlroy Bank & Trust filed an amended complaint which sought to revoke the debtor's discharge. The debtor filed a motion to strike this pleading.

I.

*Motion to Dismiss McIlroy's Complaint Objecting to Discharge filed January 30, 1983*

■ This case was filed in 1980, therefore, the procedures are governed by the Bankruptcy Rules adopted April 24, 1973 to the extent that they are not inconsistent with the Bankruptcy Code. *See,* 11 U.S.C. § 405(d). Rules 404(c) and 409(a)(2) govern the time for filing objections to discharge or objections to dischargeability of debts and this Court's Order set the deadline pursuant to those rules at January 11, 1982. No complaint under either § 727 or § 523 was filed within the time limit. Judge Stewart's Order, revoking discharge upon no party's request and without a hearing, is unprecedented and violates the letter and the spirit of the Bankruptcy Code which intends Bankruptcy Judges to be impartial arbiters of disputes between interested parties.[1]

Judge Barker's Order setting aside Judge Stewart's Order was manifestly correct.

■ Since the deadline for filing objections to discharge had passed, McIlroy's complaint objecting to discharge and objecting to dischargeability is not timely filed and should be dismissed. Deadlines for filing objections to discharge have long been strictly enforced unless an extension of time to object is obtained. *See,* Rule 404; *In Re Fehrle,* 34 B.R. 974 (Bkrtcy Ky.1983); *In Re Faaland,* 37 B.R. 407 (Bkrtcy N.D.1984). Rule 404 required the Court to "forthwith" grant the discharge upon the expiration of the deadline and this

---

1. *See,* H.R.Rep. 595, 95th Cong.2nd Sess. 89–90, reprinted in 1978 U.S. Code Cong. and Ad.News 5963, 6050–51 (recounting various administrative duties of Bankruptcy Judges under the previous Act which "functions and duties ... con-

stitute no part of their judicial responsibilities, and divert them from the important judicial and legal work that must be done in bankruptcy cases"). *In Re Gusam Restaurant Corp. d/b/a Heads and Tails,* 11 B.C.D. 1351.

is in furtherance of the principal objective of the Bankruptcy Code to give the debtor a fresh start.

Even amendments to complaints which were timely filed are generally not permitted to be filed after the deadline although there were exceptions to this rule under the old Bankruptcy Rules. *See, In Re Herrera,* 36 B.R. 693 (Bkrtcy.Colo.1984); 4 *Collier on Bankruptcy* ¶ 727.14 (15th Ed. 1983); *Lease America Corporation v. Echol,* 710 F.2d 1470 (1983); *In Re Klein,* 31 B.R. 947 (Bkrtcy.N.Y.1983); *In Re McGuff,* 3 B.R. 66 (Bkrtcy.Cal.1980); *In Re O.P.M. Leasing Services, Inc.,* 32 B.R. 199 (Bkrtcy.N.Y.1983); *Nevels v. Ford Motor Company,* 439 F.2d 251 (5th Cir.1971). Under Rule 906(b) the Court could, upon a motion being filed after the deadline and for cause shown, enlarge the time for filing complaints by a showing of excusable neglect. Excusable neglect is sometimes stated to be "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In Re Petersen,* 15 B.R. 598 (Bkrtcy.Iowa 1981). No such concept as excusable neglect exists under the new rules. *See, In Re Lane,* 37 B.R. 410 (Bkrtcy.Va.1984); Bankruptcy Rule 9006(b)(3); Bankruptcy Rules 4004 and 4007. However, here no motion has been filed requesting that relief. Therefore, the allegations in the complaint filed January 21, 1983 objecting to the discharge of the debtor and objecting to dischargeability of McIlroy Bank & Trust's debt are dismissed. The allegations for judgement are dismissed because they fail to allege facts upon which relief may be granted. McIlroy's remedy, if any, is to file a claim against the debtor, which is deemed allowed unless objected to by a party in interest. 11 U.S.C. § 502.

The motion to dismiss the case or in the alternative to abstain are denied because, in the Court's opinion, such action is not warranted and would not be in the best interests of creditors.

## II.

### *Motion to Dismiss Debtor's Counterclaim*

 The motion is sustained. If a cause of action exists on behalf of the estate it is property of the estate and suit must be brought by the trustee for the benefit of the estate. 11 U.S.C. § 541; *Fair v. Nationwide Mortg. Corp.,* 34 B.R. 981 (D.C.Colo.1983). If the cause of action does not belong to the estate because it allegedly arises more than 180 days after the filing of the petition, it would not be a matter arising out of or related to a proceeding under Title 11 and this Court is without jurisdiction to hear it. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); General Order No. 28; 28 U.S.C. § 157, *et seq.,* and 28 U.S.C. § 1334(c)(2).

## III.

### *Motion to Strike Amended Complaint*

 The amended complaint is in the nature of a complaint to revoke the debtor's discharge under 11 U.S.C. § 727(d)(1) and under 11 U.S.C. § 727(d)(2) and (d)(3). The allegations pertaining to conduct prohibited under (d)(1) are not timely filed and the motion to strike as to these allegations is sustained. The statute is unambiguous and requires actions to revoke a discharge under § 727(d)(1) to be brought within one year of the granting of the discharge. *See, In Re Peli,* 31 B.R. 952 (Bkrtcy.N.Y.1983); *In Re Waldman,* 33 B.R. 328 (Bkrtcy.N.Y. 1983). McIlroy argues that Rule 60(b) of the *Federal Rules of Civil Procedure* will allow the Court to set aside the order of discharge because it was granted by mistake and/or fraud. Even if the Court were to agree that Rule 60(b) could be so construed, still it would have no application here because this rule of procedure is clearly and unmistakably inconsistent with the plain meaning of substantive provisions of the Bankruptcy Code and, therefore, the Rules of Procedure must yield as required by 11 U.S.C. § 405(d), which provides that the old bankruptcy rules were to be used

on an interim basis until new rules of procedure were promulgated by the Supreme Court, unless, clearly inconsistent with the provisions of the Code. Interestingly, new Bankruptcy Rule 9024 which incorporates Rule 60(b) specifically provides that the substantive time limitations of the Bankruptcy Code prevail and govern the filing of complaints to revoke a discharge.[2]

However, the amended complaint in Paragraphs 6 and 7 allege facts, which, if proven, would warrant a revocation of the debtor's discharge under § 727(d)(2) and (d)(3) and this action may be brought at any time before the case is closed or within one year of the filing of the petition whichever period is longer. Therefore, the motion to strike is granted in part as to those allegations objecting to the debtor's discharge under § 727(d)(1); the motion to strike the complaint to revoke discharge under § 727(d)(2) and (d)(3) is overruled and the debtor is granted twenty (20) days to answer those allegations. Plaintiff's original complaint as incorporated in the amended complaint is dismissed for the reasons previously given.

IT IS SO ORDERED.

---

**2.** Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a Chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144 or § 1330.