**In the Matter of PILAR CORDOVA ANTUNA d/b/a Atlas Grain Company, Bankrupt.**

**Bankruptcy No. 77–60326–B–SJ.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

Jan. 2, 1985.

See also, Bkrtcy., 4 B.R. 25.

Hugh A. Miner, Hugh A. Miner, P.C., St. Joseph, Mo., for debtor.

ORDER ENTERING DEBTOR'S DISCHARGE IN BANKRUPTCY NUNC PRO TUNC AS OF MAY 22, 1979, WHEN OBJECTION TO DISCHARGE WAS DENIED

DENNIS J. STEWART, Bankruptcy Judge.

A review of the files and records in this case, undertaken by the court in connection

with the winding up and completion of estate administration, shows that, although the court formerly entered its order and judgment effecting the denial of the pending objection to discharge on May 21, 1979,[1] the discharge in bankruptcy was not entered on that date as required by the governing rules of bankruptcy procedure.[2] Years later, on December 27, 1983, a signature-stamped form of discharge was placed in the court file. But this appears to be without force and effect because it was not, as the law required, either a judicial act or entered in connection with a proceeding in which the discharge was under consideration.[3]

The questions which thereby now present themselves to this court are multiple and surrounded by some complexity. They are: (1) whether the bankruptcy court may now correct its records to grant the debtor a discharge in bankruptcy; (2) whether it may do so on its own initiative and without a motion, application or other request of a party in interest and without prior notice; and (3) whether it may do so *nunc pro tunc* and, accordingly, in this case, grant the discharge effective as of the date on which the only objection to discharge was denied. The last form of relief might be of particular importance when, under a strict construction of some of the authorities, the discharge may be grantable only at that time.

### Power of the court to correct the record

■ The initial question which is faced by the court is whether it may now retain the power, after having initially failed to enter the discharge at the time it concluded its consideration of the lone objection to discharge, to make the appropriate correction or alteration. There are some cases which hold that a court's failure to act may not be corrected *nunc pro tunc* as a clerical error or omission. See, e.g. *Recile v. Ward*, 496 F.2d 675, 680 (5th Cir.1974), quoting Freeman on Judgments section 131, to the following effect:

"(T)he entire purpose of entering judgments and decrees as of some prior date is to supply matters of evidence, and not supply or modify matters of fact. The failure of a court to act, or its incorrect action, can never authorize a nunc pro tunc entry. If a court does not render judgment, or renders one which is imperfect or improper, it has no power to remedy any of these errors or omissions by treating them as clerical misprisions."

May, however, incorrect inaction in failing to enter a discharge or incorrect action in granting a discharge prematurely or erroneously be the subject of corrective action by the bankruptcy court apart from the power to correct clerical errors? With respect to the premature or erroneous granting of a discharge, the federal district and appellate courts have with some consistency held that a discharge may be vacated when newly-discovered evidence warrants it. Thus, in *In re Walton*, 51 F.Supp. 857, 859 (W.D.Mo.1943), it was held that a bankruptcy court, upon learning of a possible ground for denial of discharge, even after the closing of the bankruptcy case, had a duty to vacate the discharge and grant creditors an opportunity to object to the

---

1. The files and records in this case show that the court formerly issued a ruling conditionally terminating consideration of denial of discharge, which ruling was to take effect on May 21, 1979, unconditionally, unless the trustee in bankruptcy intervened to prosecute an objection to discharge.

2. Under then-governing Rule 404(d) of the Rules of Bankruptcy Procedure, the bankruptcy court is required to enter the discharge on expiration of the time initially set for filing objections to discharge unless a complaint objecting to discharge has been filed or the bankrupt has waived discharge or the filing fees have not been paid or the examination of the bankrupt as to existence and location of his assets and his financial history and transactions has not been completed. Thus, in the case at bar, it appears that the entry of the discharge was made mandatory at the time an objection to discharge was no longer pending and discharge had not been denied.

3. See note 2, *supra*. See also *Recile v. Ward*, 496 F.2d 675, 680 (5th Cir.1974), to the effect quoted in the text of this memorandum, page 272, *infra*.

discharge. It was observed in that case that:

"(I)t was the duty of the bankruptcy court, when it was advised, as in this case, that its jurisdiction had been imposed upon, and that an unworthy debtor had been discharged in bankruptcy, to resume jurisdiction and, in doing so, to bring all parties including the petitioner who made the charges before it for the purpose of ascertaining whether such imposition had been worked by the bankrupts. If the petitioner were able to establish the truth of its averments, then, in justice and equity it would become the duty of the bankruptcy court to *vacate the order discharging the bankrupt and afford all of the creditors the right and opportunity to proceed against their unworthy debtor.*" (Emphasis added.)

The same holding was the rule of *In re Baker*, 299 F.Supp. 404, 406 (W.D.Mo. 1969), when the files and records of the bankruptcy case demonstrated that the debtor's testimony respecting possible grounds for denial of discharge was incomplete. "When the court is informed that there is a bona fide claim that there has been a fraudulent conveyance, it has the duty to vacate the order of discharge and afford all creditors an opportunity to proceed against the bankrupt." These case decisions have a progeny which finds a basis in the seemingly common sense assumption that a prematurely-granted discharge should be vacated when further estate administration reveals the existence of grounds for denial of discharge. "A discharge cannot validly be granted before the expiration of the period set for the filing of objections." 1A Collier on Bankruptcy para. 14.06, p. 1276, n. 12 (1976). Similarly, when "the filing fees have not been paid, the court is without power to grant the discharge. A discharge inadvertently granted under those circumstances would be vacated and set aside on jurisdictional grounds." 1A Collier on Bankruptcy para. 14.06, p. 1277 (1976); Rule 404(d) of the Rules of Bankruptcy Procedure. "(A) discharge granted without due notice to creditors will be set aside, without requiring a creditor to show that he was hurt or permitting the debtor to show that his adversary was not damaged." 1A Collier on Bankruptcy para. 14.06, p. 1276, n. 11 (1976). The court may vacate a discharge "which was granted before examination had properly been completed." *Id.* at 1274, n. 9. Also, when the creditors have not been given a reasonable opportunity under the circumstances to conclude their investigation of the debtor's financial history and transactions, the discharge may be vacated and the creditors granted an opportunity to object to the discharge in bankruptcy. "(C)reditors need both the examination of the bankrupt and a later period for investigation in order to uncover grounds for objecting." 1A Collier on Bankruptcy para. 14.06, p. 1274, n. 7. See *In re Couch*, No. LR80–457 (E.D.Ark. Jul. 2, 1982) ("By setting aside its discharge order, the Court gave the creditors, debtor, trustees and itself the opportunity to assess the legal ramifications of the information it has been presented with before it reinstates or rescinds petitioner's discharge.")

In consonance with the foregoing authorities, the decisions which have been recently handed down by the courts have recognized that the power of the bankruptcy court to vacate the discharge as having been prematurely or erroneously entered is a species of relief from judgment grantable under the Federal Rules of Civil Procedure or otherwise.[4] It was thus held in *In re Magouirk*, 693 F.2d 948, 951 (9th Cir.1982), that a motion for extension of time in which to file a complaint objecting to discharge after the initial deadline had run

---

**4.** In *Recile v. Ward, supra* note 3, at 682, it was initially held that "bankruptcy proceedings are not governed by the Federal Rules of Civil Procedure." In a subsequent opinion issued in the same case, however, the United States Court of Appeals for the Fifth Circuit modified its former statement to this effect stating that "(t)his observation, which was not essential to the decision, is not in accord with the objectives of the Rules of Bankruptcy Procedure." *Recile v. Ward,* 503 F.2d 1374, 1375 (5th Cir.1974).

out was "procedurally similar to a motion to set aside a default judgment under Fed. R.Civ.P. 55(c) and 60(b) ..."[5] It was thus necessarily implied that the discharge might be vacated for fraud, mistake, inadvertence and newly-discovered evidence.[6]

Omission to act correctly in respect of the discharge has also been held to be subject to correction by the court. It has repeatedly been held that corrections of the record are appropriate to repair omissions in respect of the discharge.[7]

This solid line of decisional authority is further buttressed and supported by the commonsense principle that incorrect action or inaction induced by fraud, mistake, or absence of material information should be corrected and need not be perpetuated by attributing a sacrosanct effect to orders affecting a discharge in bankruptcy above and beyond those which is attributed to other judgments.[8] The fundamentally reasonable character of this reasoning is perhaps reflected in the fact that there appears to be only one decision which rules out the possibility of vacating or setting aside a discharge and that decision appears to be contradicted by the foregoing.[9]

Accordingly, on the basis of the foregoing, and on the general authority to the effect that the bankruptcy court has a wide discretion to correct its own orders and judgments,[10] it is concluded that it is well within the power of a bankruptcy court to vacate a discharge and, accordingly, equally within its power to grant a discharge when it has not been granted at the time appointed due to clerical error or oversight.

*Power to do so without notice and a hearing and on its own initiative*

■ If it is true that Rule 60(b) of the Federal Rules of Civil Procedure is applicable, then the court may, under appropriate circumstances, initiate proceedings to vacate or set aside or modify the order on its own motion. See, e.g., *International Controls Corp. v. Vesco*, 556 F.2d 665, 668, n. 2 (2d Cir.1977), and cases there cited. Under the decisional law, this is particularly so when the action or inaction embodied in the order or omission has been induced by fraud or mistake. See 7 Moore's Federal Practice para. 60.33, pp. 60–351, 60–353, 60–360 (1983), to the following effect:

"[A federal court] has inherent power ... to grant relief when fraud has been practiced upon it. This inherent power is to be exercised by the court upon whom the fraud is practiced.... The defrauded court may act ... upon its own mo-

---

5. This ruling to this effect, in postulating that a judgment has been entered, necessarily, it seems, assumes that a discharge has been entered by default prior to the request for an extension of time in which to file the objection to discharge.

6. See Rule 60(b)(1), (2), and (3) of the Federal Rules of Civil Procedure, formerly made applicable in bankruptcy cases by Rule 924 of the Rules of Bankruptcy Procedure. These provisions are applicable if the request is made within a year after the order or judgment from which relief is sought. But the inherent power of a court to set aside a judgment for fraud or mistake by means of a separate proceeding is not limited by the provisions of Rule 60(b). See pp. 5–6 of the text of this memorandum, *infra*. "There is no rigid time limitation when the court acts on its own motion; nor when the court acts upon the motion of an aggrieved party." 7 Moore's Federal Practice ¶ 60.33, p. 60–355 (1983).

7. See authorities cited on page 8 of the text of this memorandum, *infra*.

8. "The general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

9. See *In re Couch*, 43 B.R. 56 (Bkrtcy.E.D.Ark. 1984).

10. "In the exercise of its inherent equitable powers, the bankruptcy court has authority to modify or vacate its own interlocutory orders." *A & A Sign Company v. Maughan*, 419 F.2d 1152, 1155 (9th Cir.1969). "[A] court of bankruptcy is always open to reconsider the merits of its own orders until there has been a distribution of the funds in controversy. Moreover, Rule 60(b) of the Federal Rules furnished abundant authority to correct (an) omission." *In re Clark*, 257 F.Supp. 761, 763 (E.D.Va.1966).

tion, and even though the prevailing party opposes the proceeding, and the party cast in judgment does not desire to open the judgment ... Where fraud upon the court is established, the court has ample power to afford appropriate relief. Apart from any intervening equities, where the guilty party recovering judgment was plaintiff in an 'equity' suit his judgment should be set aside and his claim dismissed, irrespective of the merits of the claim. And this principle has been applied even though it was not established that the judgment was the product of the fraud."

"[A] finding of fraud on the court empowers the district court to set aside the judgment *sua sponte." Kupferman v. Consolidated Research and Mfg. Corp.*, 459 F.2d 1072, 1074, n. 1 (2d Cir.1972). The same principles apply to relief from judgment for mistake. "Relief from a judgment ... on the basis of accident or mistake is less common than relief on the basis of fraud, but, nevertheless, both accident and mistake afford the basis for relief in an appropriate situation.... Relief may also be granted on the basis of extrinsic mistake; and mutual mistake of fact." 7 Moore's Federal Practice para. 60.37(1), pp. 60–381, 60–383 (1983). "(A) federal court ... has jurisdiction to modify a final judgment ... on the ground of mistake as well as fraud." *West Virginia Oil & Gas Co. v. George E. Breece Lbr. Co.*, 213 F.2d 702, 706 (5th Cir.1954). And "[a] premise in the drafting of all the [bankruptcy] rules is that the procedure in bankruptcy cases should be conformed to that prescribed for most other kinds of civil litigation in the federal courts." *Recile v. Ward*, 503 F.2d 1374, 1375 (5th Cir.1974). And see *In re Magouirk, supra.*

More particularly, in respect of the discharge in bankruptcy, the authorities have consistently held that it may be vacated by the bankruptcy court acting *sua sponte* when it has been erroneously or prematurely entered. Thus, unless the prerequisites to discharge specified in the statutes and rules have been accomplished, such as, e.g., the paying of the filing fees, the discharge should be set aside on the court's own initiative.[11] "Whether or not a complaint has been filed objecting to discharge on the ground that filing fees have not been paid, is immaterial. Where the filing fees have not been paid, the court is without power to grant the discharge. A discharge inadvertently granted under those circumstances would be vacated and set aside on jurisdictional grounds." 1A Collier on Bankruptcy para. 14.06, p. 1277 (1978). The same procedural principles would seem definitely applicable to the other species of pre-discharge requirements mentioned above, failure to achieve which warrants vacation of the discharge. And these species include the erroneous granting of a discharge before the objection period has run out or while an objection to discharge is yet pending or while the debtor's examination is yet continuing or the investigation of his financial history and transactions is still continuing. The authorities, as noted above, deem it paramount that "creditors need both the examination of the bankrupt and a later period for investigation in order to uncover grounds for objecting," *id.*, p. 1274, and the error in granting a discharge before the completion of those processes would seem to warrant a court in acting on its own initiative under the foregoing authorities and principles.

11. The same authority would seem to warrant vacation of the discharge when it was entered prematurely and before the examination and investigation of the debtor's financial history and transactions had been completed, it would also seem to warrant the court in vacating the discharge *sua sponte*, albeit perhaps temporarily, until the prerequisites imposed by Rule 404(d) of the Rules of Bankruptcy Procedure and the attendant case law have been satisfied. See, e.g., *In re Kessler*, 58 F.Supp. 181 (D.N.J.1944), to the following effect: "It appears from the record ... [that] the order of discharge ... abruptly terminated the right of the present creditor to pursue her inquiry into the affairs of the bankrupt. There were many suspicious circumstances which demanded investigation, and it is the opinion of the Court that the examination of the bankrupt should not have been concluded without affording the present creditor an adequate opportunity to make exhaustive inquiry. This opportunity was denied her .... the proceedings were not in compliance with the provisions of the Act and must, therefore, be vacated and set aside."

Further, the vacating of a discharge, without revoking it merely amounts to a court's extending the time in which an objection to discharge may be filed. Cf. *In re Magourik, supra.*[12] And the courts have repeatedly held, under the former bankruptcy statutes and rules (which govern the matter at bar [13]), that such an extension of time may be granted by the bankruptcy court *sua sponte*, both before and after the time initially fixed for the filing of objections to discharge [14] and with or without notice to the debtor. "In accordance with the principle that the power to extend the time for filing objections should be liberally construed, we hold that the referee was correct in his conclusion ... that the Court has discretionary authority to extend the discharge date either before or after the expiration of the deadline originally set." *Recile v. Ward,* 496 F.2d 675, 681 (5th Cir.1974).[15] "The referee has ample discretion to allow the filing of objections beyond the time allotted." *Jackson v. Menick,* 271 F.2d 806, 808 (9th Cir.1959). "Bankruptcy Rule 404(c) provides that '(t)he court may for cause, on its own initiative or an appli-

cation of any party in interest extend the time for filing a complaint objecting to discharge' ... 'this discretionary power to extend the time for objections should be liberally construed'." *Recile v. Ward, supra,* 496 F.2d at 680. And "a referee may extend the time for filing objections to a bankrupt's discharge without notice." *In re Semel,* 427 F.2d 651, 655 (3d Cir.1970).[16] The authorities have not, except in one instance, limited the bankruptcy court's ability to extend the time for filing objections to discharge.[17] In that one instance, it is suggested that the bankruptcy court does not, under Rule 404(c) of the Rules of Bankruptcy Procedure, have the power to extend the time for filing objections to discharge *sua sponte* and after the initial deadline for filing objections to discharge has run out.[18] But, as observed above, that single holding is outweighed by the overwhelming weight of authority to the contrary.

Accordingly, this court concludes that, if the court has the wide discretion to vacate a discharge for fraud, mistake, or newly-discovered evidence,[19] the same latitude

**12.** See note 5, *supra.*

**13.** The new bankruptcy rules, which contain provisions wholly different from those in old Rule 404 of the Rules of Bankruptcy Procedure, were effective August 1, 1983, and "applicable to proceedings then pending, except to the extent that in the opinion of the court, their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies." Order of the Supreme Court of the United States dated April 25, 1983. In this case, obviously, application of the new rules would not be feasible.

**14.** "The case of *In Re Levin,* 176 F. 177 (1st Cir.1910), established the proposition that the referee may, in his discretion, extend the time for filing objections to discharge, and may do so after the time has expired, as well as before. That case has been uniformly followed." *In re Machek,* 368 F.Supp. 956, 957 (M.D.Fla.1973).

**15.** See note 14, *supra.*

**16.** "In the leading case of *Dulaney v. Coppard,* 145 F.2d 468 (5 Cir.1944), cert. den. 325 U.S. 861, 65 S.Ct. 1199, 89 L.Ed. 1982 (1945), reh. den. 325 U.S. 895, 65 S.Ct. 1409, 89 L.Ed. 2006, it was specifically ruled that a referee may extend the time for filing objections to a bankrupt's

discharge without notice." 427 F.2d at 653. Notice to the bankrupt of an intention to enter an order extending the time to file an objection to discharge "was not required by statute and referee's failure to give such notice did not deprive bankrupt of any constitutional right." 1A Collier on Bankruptcy para. 14.06, p. 1276.

**17.** See *In re Couch,* 43 B.R. 56 (Bkrtcy.E.D.Ark. 1984).

**18.** *Id.* at 58.

**19.** There is some authority which, as a matter of dictum only, seems to indicate that the extending of the time for filing objections to discharge is limited to the period of time before a discharge is actually entered. But none of the cases so holds. See *In re Meckler,* 156 F.Supp. 20, 23 (D.Md.1957), quoting a standard authority to the effect that "if a creditor has been unavoidably prevented from filing specifications of objection to a bankrupt's discharge within the time fixed for the purpose *and no discharge has yet been granted,* the referee has the power to grant an extension of time for filing, even though the time originally fixed may have expired, but it is discretionary with him whether such power should be exercised upon the facts disclosed by the record." (Emphasis

must apply with respect to correcting the record so as to grant a discharge which has been failed to be granted only by mistake.

### Whether the relief may be granted nunc pro tunc

■■■ Finally, this court must decide whether the record may now be corrected nunc pro tunc and without a hearing to determine the nature of the relief which should be granted. As observed above, a court is not empowered to enter an order nunc pro tunc in order to repair its inaction at the time it should have acted unless the omission was a mere clerical error or oversight. From the files and records in this case, however, it appears that there was really no failure of the bankruptcy court to act and that the absence of a formal discharge is merely a clerical oversight. The court actually entered its order denying the pending objection to discharge effective May 21, 1979. The only thing which was left to accomplish after this action was the entry of the discharge. It was not entered by oversight and clerical omission. It thus appears, consonant with the authority which is above adverted to, that the court may supply the clerical omission nunc pro tunc. See, e.g., *In re Meckler,* 156 F.Supp. 20, 22 (D.Md.1957), holding that it was proper to extend the time for filing objections to discharge nunc pro tunc when the omission initially to extend the time "was due to inadvertence and oversight." The authority which would carry connotations to the effect that a discharge may never be set aside unless it is also revoked after notice and a hearing implies that a simple clerical error or obvious oversight cannot be corrected nunc pro tunc.[20] But this contention fails, not only as a matter of reason and good sense, which holds that an obvious mistake ought to be corrected retrospectively, but also by the vast weight of authority to the effect that correction of a clerical error or oversight or obvious mistake need not be made the subject of notice. "Where the error is ... apparent on the face of the record, and evidence [need not] be heard to ascertain whether or not there is in fact a clerical error, then the parties [need not] be given notice and an

added.) But this does not mean that a discharge may not be vacated and set aside—as the ample authority cited elsewhere in this memorandum demonstrates—and the time then extended for objecting to discharge. The above quoted passage seems to be predicated on the assumption that the extension will be sought on grounds of less magnitude of fraud or mistake or accident. In those cases, the authorities make clear that the discharge may be vacated in connection with the extension of time to file objections to discharge when there is reason to vacate the discharge such as fraud, mistake, or newly-discovered evidence. "(T)he bankrupt's fraud is an excuse for ... failure (to object) before discharge just as ... thereafter." *Northeastern Real Estate Securities Corp. v. Goldstein,* 91 F.2d 942, 944 (2d Cir.1937).

**20.** See, e.g., *In re Couch,* 43 B.R. 56 (Bkrtcy.E.D. Ark.1984), in which it was apparently presumed that, outside of revocation of a discharge for fraud, there is no procedure to vacate or set aside an erroneously or prematurely-entered discharge in conjunction with an extension of time in which to file objections to discharge. This presumption, however, is contradicted by the volume of authority cited in the text of this memorandum, including a higher court opinion in the *Couch* case. See *In re Couch,* No. LR80–457 (E.D.Ark. Jul. 2, 1982) ("By setting aside its

discharge order, the Court gave the creditors, debtor, trustee and itself the opportunity to assess the legal ramifications of the information it has been presented with before it reinstates or rescinds petitioner's discharge.")

If it were really so, moreover, that there was no available procedure for vacating an erroneously or prematurely-entered discharge, then an inequity would exist in bankruptcy procedures which would approach iniquity. Under both the law and the practice under the Bankruptcy Code the entry of the discharge is a clerical matter. It is granted, as a matter of fact and law, before any judicial hearing on the subject. It is not a subject of the so-called discharge hearing, for, at that hearing, "the court shall inform the debtor that a discharge *has been* granted ..." Section 524(d) of the Bankruptcy Code. Consequently, it is the clerical matter of setting the discharge hearing which determines the discharge, which must be granted prior to the discharge hearing. Therefore, if the court knows that the discharge has been entered erroneously or prematurely, it should have the power sua sponte to correct it. If it does not have such authority, then the force and power of a clerical error committed by clerical workers is enlarged beyond that of an order or judgment by a judge. The latter is subject to vacation on the grounds of having been prematurely or erroneously entered, but not the former.

opportunity to be heard." *Chavez v. Balesh*, 704 F.2d 774, 777 (5th Cir.1983), quoting 6A Moore's Federal Practice para. 60.-07, p. 4069 (2d ed. 1982).[21] One authority, again, holds that a clerical error in the form of a prematurely and erroneously granted discharge must stand unless revoked according to notice and a hearing,[22] but the obverse of that rule, applied in this matter, would mean that the right to discharge would have to be considered anew before a simple oversight could be corrected.[23] The overwhelming weight of authority is opposed to that view. This court therefore concludes that it may enter the formal discharge, nunc pro tunc, as of May 22, 1979.

Accordingly, it is hereby

ORDERED that the debtor's discharge in bankruptcy be, and it is hereby, entered as of May 22, 1979, when the objection to discharge was formally denied.

**21.** It is readily apparent that the omission in this case may be corrected as a clerical misprision and without the time limitations which might otherwise apply under Rule 60(b)(1), (2), and (3) of the Federal Rules of Civil Procedure. See Rule 60(a) of the Federal Rules of Civil Procedure to the following effect: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." And see Rule 924 of the Rules of Bankruptcy Procedure, making that rule applicable in bankruptcy cases.

**22.** See note 20, *supra.*

**23.** See note 20, *supra.* The grounds on which a discharge may be revoked are narrower than those upon which a discharge may be denied. Thus, to limit a party to the narrower grounds on the basis of a clerical error would be a violation of the rules of fairness which every court must somehow implement and employ. The obverse is true in the matter at bar, a clerical omission must not operate to the unfair hindrance to an honest bankrupt. Accordingly, this court concludes that it has the power and duty to correct the clerical omission.