931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re David Lee WEAR, Debtor.
Andrew E. KARIM, Appellant,
v.
Nancy Ellen BOYER, Creditor-Appellee.
 No. 90-6314.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Andrew Karim appeals from an order of the district court upholding the bankruptcy court's imposition of sanctions pursuant to Bankruptcy Rule 9011. Appellant represented David Wear in his Chapter 7 bankruptcy case. Debtor filed his voluntary petition under Chapter 7 on August 11, 1987. Appellee Nancy Ellan Boyer, a creditor and former wife of debtor, commenced an adversary proceeding objecting to debtor's discharge under 11 U.S.C. Sec. 727. She also sought to have debtor's property division alimony debt excepted from discharge under 11 U.S.C. Sec. 532(a)(2)(A). Following a hearing held on August 17, 1988, the bankruptcy court entered judgment in favor of Boyer excepting the property division alimony judgment from discharge. At the same hearing the court denied Boyer's objections to discharge, but a discharge order was never entered.
 
 
 3
 At a hearing held on September 20, 1988, the court announced it was dismissing debtor's bankruptcy case pursuant to 11 U.S.C. Secs. 707(b) and 305(a), noting that debtor was improperly using the bankruptcy court as a forum to continue to litigate his divorce case. The court also expressed its intent to impose sanctions against debtor and his counsel.
 
 
 4
 Debtor appealed this dismissal to the district court on September 30, 1988. On December 1, 1988, the bankruptcy court stayed its September 20 order dismissing the case pursuant to Bankruptcy Rule 8005. It ordered the case suspended until the district court ruled on debtor's appeal. The district court subsequently affirmed the order dismissing debtor's case.
 
 
 5
 Following the entry of the stay order but before the district court's decision on debtor's appeal, the clerk of the court inadvertently entered an order discharging debtor's obligations. The court suggested Boyer file a motion pursuant to Federal Rule of Civil Procedure 60 and 11 U.S.C. Sec. 105 seeking revocation of debtor's discharge as having been improvidently granted. The court believed such a motion was necessary to correct this clerical error. Boyer filed the motion on March 29, 1989.
 
 
 6
 At a hearing on May 5, 1989, debtor argued the court lacked jurisdiction to enter an order vacating the discharge order. He asserted his debts had been discharged by the court's order on August 17, 1988. The court rejected this argument and granted Boyer's motion. It also imposed sanctions in the sum of $2,000 against debtor and appellant jointly and severally. Appellant appealed the imposition of sanctions to the district court, which affirmed the order of the bankruptcy court.
 
 
 7
 On appeal to this court, appellant argues the bankruptcy court was without jurisdiction to vacate the discharge and therefore lacked jurisdiction to impose sanctions. This argument is without merit. We agree with the bankruptcy court's characterization of the entry of the dismissal order as a clerical order. The bankruptcy court had the power to vacate a discharge entered as a result of a clerical error. See Matter of Pilar Cordova Antuna, 45 B.R. 271, 272-74 (Bkrtcy.W.D.Mo.1985). The court therefore had jurisdiction to impose sanctions.
 
 
 8
 We agree with the district court that appellant's other arguments are without merit. We AFFIRM for substantially the same reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3