**A & A SIGN COMPANY, Inc.,**
**Appellant,**

v.

**Rex E. MAUGHAN, Trustee of Mayer Central Building Corporation, a Debtor, Appellee.**

**No. 22650.**

United States Court of Appeals Ninth Circuit.

Nov. 28, 1969.

Rehearing Denied Dec. 24, 1969.

versal is required, on the facts before the court, since a fact finding would be clearly erroneous and a decision of law.

Sidney B. Wolfe (argued), Phoenix, Ariz., for appellant.

Robert H. Carlyn (argued) of Fennemore, Craig, von Ammon, McClennen & Udall, Phoenix, Ariz., for appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and PENCE,* District Judge.

HUFSTEDLER, Circuit Judge.

A & A Sign Company, Inc ("A & A"), appeals from that portion of an order of the District Court declaring A & A an unsecured creditor of Mayer Central Building Corporation, the debtor in Chapter X proceedings. The District Court's order was entered following hearings held pursuant to sections 196 and 197 of the Bankruptcy Act (11 U.S.C. §§ 596, 597). Appellee is the trustee of the debtor. Our jurisdiction is based on 11 U.S.C. §§ 47, 521.

The debtor was the developer of three contiguous parcels of real property located in Phoenix, Arizona: (1) a parcel called the "South property," upon which the debtor caused to be constructed a 25-story office building and a garage. The construction was financed by two construction loans from the Valley National Bank of Arizona, totaling $10 million, secured by mortgages on the South property; (2) a parcel called the "North property," owned by a Massachusetts corporation and leased in 1959 to the debtor for 99 years. A 9-story building was built on the North property, fi-

---

* Hon. Martin Pence, Chief Judge, United States District Court, Hawaii, sitting by designation.

nanced by loans from two creditors in excess of $4 million, secured, respectively, by a mortgage on the North property lease-hold, an assignment of rents, and by a mortgage on the North and South properties; (3) the "Ann Clark property," the focus of the dispute, now the corner of a parking lot located to the rear of the building on the North property. Although it appears to be a part of the North property, it has a chain of title different from that of the North property. Prior to October 1, 1963, it was the property of Ann Clark. On that date she sold it to Mayer Development Company ("Mayer"), a partnership composed of the two principal stockholders and managing officers of the debtor. The partnership held title to the Ann Clark property until April 1966, at which time Mayer conveyed the parcel to the debtor as part of the Chapter X proceedings.

A & A entered the picture in 1964, when it commenced construction of some signs on the properties. The bulk of A & A's work was done on the North and South properties, but there was a small amount of work performed on the Ann Clark property. A & A performed the work and furnished the materials pursuant to a direct contract with the debtor. A & A completed its contract on June 28, 1965.

On July 15, 1965, the debtor filed its Chapter X petition. The petition was approved and a trustee appointed on July 19, 1965. Numerous creditors filed claims, including the secured lenders of the construction funds, contractors, and subcontractors. A & A filed its claim and asserted its position as a secured creditor by virtue of a materialmen's lien purporting to encumber all three properties. When A & A filed its lien on the Ann Clark property in September 1965, title to that parcel was held by Mayer, not the debtor. In April 1966, the trustee secured a turnover order, pursuant to which Mayer conveyed the Ann Clark property to the debtor. During the course of the sections 196 and 197 hearings, A & A and the trustee entered the written stipulation in issue on this appeal.

The stipulation, dated February 21, 1967, stated that A & A performed work and furnished materials of the reasonable value of $21,493.28 in the construction of improvements upon real property, the legal description of which was set forth; that the claimant had properly filed and recorded its Notice and Claim of lien "within the time allowed by the statutes of the State of Arizona in such case made and provided and properly served upon the owners of the premises and those sought to be charged with said lien"; that the trustee withdrew any and all objections concerning the amount of A & A's claim "and the security claimed by claimant, and that said lien is a valid and existing materialmen's lien against the premises described above"; that A & A had theretofore accepted $7500 from Valley National Bank of Arizona as consideration for A & A's releasing its lien against the South property, and A & A's claim against the debtor was reduced accordingly. The legal description of the properties subject to the stipulation included the Ann Clark property. On February 20, 1967, the District Court entered its order approving the stipulation.

Several months later the trustee filed a motion to correct the stipulation by deleting the description of the Ann Clark property on the ground that the trustee had inadvertently overlooked the inclusion of that property in the stipulation. The trustee and his attorney submitted affidavits in support of the motion stating that their intent was to include the North property only. Affidavits and testimony of A & A's witnesses, including A & A's lawyer who had drawn the stipulation, indicated that the inclusion of the Ann Clark property was central to the stipulation. A & A's lawyer explained that he thought his client was the only direct contractor that had worked on the Ann Clark property itself and that the Ann Clark property was probably A & A's best hope for recovery; the other parcels, he thought, were en-

cumbered by liens of creditors prior to A & A's.

Following hearings upon the trustee's motions on October 9, 1967, and October 20, 1967, the District Court found that A & A's lien attached solely to the North property, that that lien was valueless, and that the Ann Clark property was an asset of the debtor, free from the liens of any creditor. The court held that the outstanding debt to A & A in the sum of $13,993.38 is unsecured.

A & A contends on appeal: (1) The District Court erred in setting aside that part of the stipulation encompassing the Ann Clark property, and (2) even if there were no error in modifying the stipulation, the court erred in deciding that A & A did not have a valid lien on the disputed property. The trustee claims that A & A waived its right to rely on the stipulation; the court had discretionary authority to modify the stipulation, and it did not abuse that discretion; and A & A's lien was invalid.

■ We first dispose of the trustee's claim that A & A waived its right to rely on the stipulation by first introducing evidence to prove its lien. A & A attempted to prove its lien before litigating the stipulation issue in reponse to the court's suggestion that the proof be thus ordered. A & A's acquiescence in the court's request provides no foundation for a waiver.

■ The stipulation in issue is in the nature of a compromise agreement between the trustee and a creditor encompassed by section 27 of the Bankruptcy Act (11 U.S.C. § 50[1]). The bankruptcy court has wide discretion in granting or denying approval of such agreements, and its decision cannot be disturbed on appeal absent clear abuse

of that discretion. (In re California Associated Prods. Co. (9th Cir. 1950) 183 F.2d 946.) In the exercise of its inherent equitable powers, the bankruptcy court has authority to modify or vacate its own interlocutory orders. (School District No. 5 v. Lundgren (9th Cir. 1958) 259 F.2d 101.)[2] Therefore, that part of the District Court's order vacating its prior order approving the stipulation fell well within the discretionary authority committed to the court.

The critical question is: Did the court err in setting aside a part of the stipulation underlying its former order and in enforcing the agreement as modified over the objection of A & A? We hold that it did.

■ The bankruptcy court in exercise of its equitable powers can set aside a stipulation entirely if the interests of justice so require and if the parties can be restored to the positions they occupied before they entered the stipulation. (Greenspahn v. Joseph E. Seagram & Sons (2d Cir. 1951) 186 F.2d 616; Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc. (3d Cir. 1956) 239 F.2d 382; see United States v. City of Tacoma, Wash. (9th Cir. 1964) 330 F.2d 153, 157; United States for Use and Benefit of Kirby v. Southern Constructors, Inc. (W.D.Mo.1962) 211 F. Supp. 537.) But it cannot remove a material part of the stipulation over the objection of one of the parties to it and enforce the rest of the agreement. (Emerick & Duncan Co. v. Hascy (9th Cir. 1906) 146 F. 688; see United States v. Southern Constructors, Inc., *supra*.) The reference to the Ann Clark property in the stipulation was a material term of the agreement, as the trustee and A & A agree.

---

1. Section 50: "The receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate."

   Section 27 applies to compromises in Chapter X proceedings. Parker v. Baltimore Paint & Chem. Corp. (D.Colo.1967) 273 F.Supp. 651.

2. The trustee's reliance upon Rule 60(b), Fed.R.Civ.Proc., to support this point is misplaced, because Rule 60(b) applies only to final orders and judgments. (School District No. 5 v. Lundgren, *supra*, 259 F.2d 101; 7 J. Moore, Federal Practice (1968 ed.) ¶ 60.27, p. 293.)

■ The court's order could have been sustained had there been findings supported by substantial evidence warranting reformation of the stipulation. (In re Pottasch Bros. Co. (2d Cir. 1935) 79 F.2d 613, 101 A.L.R. 1182.) Reformation is an appropriate remedy to correct a written instrument when the words it contains do not express the meaning the parties agreed upon; it is not a proper remedy for the enforcement of terms to which the parties had not agreed. (Calhoun v. Bernard (9th Cir. 1964) 333 F.2d 739; 3A Corbin, Contracts (1960) § 614, pp. 713–14, 723; 2 Restatement of Contracts (1932) § 504, comment b.)

■ The trustee and his attorney each testified that there was no intent on his part to include the Ann Clark property in the stipulation and that the inclusion of the property in the legal description was inadvertently overlooked when the agreement was signed. They both considered the Ann Clark property a parcel separate from the North property. A & A's principal witness testified that he intended to include the Ann Clark property, and, indeed, he would not have entered the stipulation had that property been excluded. A & A's lawyer drafted the stipulation. There was no testimony that the Ann Clark property had been specifically discussed by the parties to the stipulation, or their respective counsel, before the agreement was signed.

There are no express findings specifically relating to the stipulation issue. Without an express or necessarily implied finding that the parties had agreed that the Ann Clark property was not included, there is no basis upon which to sustain a deletion of the disputed property from the stipulation. We cannot on this record supply that missing finding.

We do not reach the question whether, in absence of the stipulation, A & A had a lien on the Ann Clark property valid under Arizona law.

The order is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.