**In the Matter of Virginia Frederick MARTIN.**

Civ. A. No. 87–4674.

United States District Court, E.D. Louisiana.

March 14, 1988.

Emile L. Turner, Jr., New Orleans, La., for appellant.

Raymond C. Burkart, Jr., New Orleans, La., for Virginia F. Martin.

John T. Pender, Metairie, La., Trustee.

## OPINION

ARCENEAUX, District Judge.

This matter is an appeal from two interlocutory orders of the United States Bankruptcy Court for the Eastern District of Louisiana. 28 U.S.C. Section 158 vests jurisdiction of such appeals in the District Court for the judicial district in which the bankruptcy judge is serving. Factual findings of the Bankruptcy Court may be reversed only if clearly erroneous. *Big Shanty Land Corp. v. Comer Properties, Inc.,* 61 B.R. 272, 282 (N.D.Ga.1985). However, the District Court must make an independent determination of the applicable law. *In re Tesmetges,* 47 B.R. 385, 388 (E.D.N.Y.1984).

For purposes of this appeal, the facts are simple. On December 22, 1986, the debtor filed a voluntary petition in the Bankruptcy Court, seeking relief under Chapter 7 of the United States Bankruptcy Code. A bankruptcy estate was created, and John T. Pender was appointed interim trustee. At a meeting of the creditors on January 22, 1987, Mr. Pender was elected permanent trustee.

On March 24, 1987, the Bankruptcy Court entered an order discharging the debtor from all personal liability for debts existing on the date of commencement of the bankruptcy case except for those debts found to be nondischargeable. On April 9, 1987, the attorney for Lehman Martin, Jr., a creditor and former husband of the debtor, offered on behalf of Mr. Martin to purchase from the trustee certain property of the estate in exchange for a payment of cash, assumption by Mr. Martin of certain of the liabilities of the estate, and withdrawal of his proof of claim against the estate. The trustee filed an application for a private sale to Mr. Martin. However, on July 10, 1987, the debtor filed an application pursuant to 11 U.S.C. Section 706(a) to convert her case from a proceeding under Chapter 7 to a proceeding under Chapter 13. On August 20, 1987, after hearing oral argument, the Bankruptcy Court entered an order denying the debtor's application for conversion to Chapter 13. The Court did not assign written reasons for its decision. On October 6, 1987, the Bankruptcy Court entered an order authorizing the trustee to enter into a private sale to Mr. Martin of certain assets of the estate. To date, however, the sale has not taken place.

On appeal, the debtor argues, first, that the Bankruptcy Court erred in denying the debtor's request for conversion under Section 706(a), and, second, that the Bankruptcy Court made a factual error in authorizing the private sale. Because the Court agrees with the debtor's first contention, it is unnecessary to consider whether the order authorizing the private sale was a factual error.

11 U.S.C. Section 706(a) provides as follows:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

Both the House and Senate reports in the legislative history of Section 706(a) explain that the statute gives the debtor an "absolute right" to convert, so long as the debtor has not previously converted the case. H.Rep. No. 95-595, 95th Cong., 1st Sess. (1977), p. 380; S.Rep. No. 95-989, 95th Cong., 2nd Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. "The policy of the provision is that the debtor should always be given the opportunity to repay his debts." Id. at 6336. The Court has no discretion to deny the debtor's right to conversion. *In re Roberts*, 80 B.R. 565, 567 (Bkrtcy.N.D.Ga.1987); *In re Longhorn 1979-II Drilling Program*, 32 B.R. 923, 929 (Bkrtcy.W.D.Okl.1983); see also *In re Jennings*, 31 B.R. 378, 380 (Bkrtcy.S.D. Ohio 1983) ("Congress intended that no limitations be imposed on debtors who wish to repay their debts, regardless of the circumstances under which those debts were incurred.").

That the debtor's liabilities were discharged before she applied for conversion is of no consequence. "[The debtor] may make the conversion either before or after an order for relief has been entered in the liquidation proceeding." 4 Collier on Bankruptcy ¶ 706.01, p. 706-2 (1987). This statement is supported by *In re Street*, 55 B.R. 763, 765 (Bkrtcy App. 9th Cir.1985), in which the Court held that a debtor's conversion from Chapter 7 to Chapter 13 after a finding of nondischargeability was proper and did not constitute a wrongful "manipulation of the Bankruptcy Code." For additional support, see *Jennings*, 31 B.R. at 380, in which the Court found that, despite fraudulent conduct on the part of the debtor which warranted the denial of his motion to dismiss his voluntary petition under Chapter 7, the Court had no discretion to deny the debtor's application for conversion.

Because the debtor in the present case has an unfettered right to convert her case to a Chapter 13 proceeding, the order of the Bankruptcy Court authorizing the trustee to make a private sale of property of the estate is invalid. When a debtor converts his case from a Chapter 7 proceeding to a Chapter 13 proceeding, the trustee's appointment is terminated, and his authority to act on behalf of the estate comes to an end. 11 U.S.C. Section 348(e); *Roberts*, 80 B.R. at 567.

Accordingly, IT IS ORDERED that the orders of the Bankruptcy Court denying the debtor' application for conversion and authorizing a private sale of property of the estate are REVERSED, and this matter is REMANDED for further proceedings not inconsistent with this ruling.