**In re LATIN INVESTMENT
CORPORATION, Debtor.**

**Bankruptcy No. 90–01046.**

United States Bankruptcy Court,
District of Columbia.

March 26, 1991.

Richard D. Heideman and Andrew F.
Oehmann, Jr., Washington, D.C., for debtor.

Brian P. Leitch, Washington, D.C., for
petitioning creditors.

## DECISION RE NOTICE OF CONVERSION AND PRAECIPE SEEKING TO WITHDRAW MOTION TO CONVERT

S. MARTIN TEEL, Jr., Bankruptcy
Judge.

This case began as an involuntary Chapter 7 case. Alleging acts of fraud on the part of debtor's management, the petitioning creditors sought and, with the debtor's consent, obtained the appointment of an interim trustee prior to the entry of an order for relief. After entry of the order for relief the debtor filed a motion to convert to Chapter 11. The petitioning creditors have filed a motion to reconvert the case to Chapter 7 if the case is converted to Chapter 11. The court has set a prompt hearing on both motions. Asserting that the debtor's right to convert to Chapter 11 is absolute, the debtor has filed a notice of conversion and a praecipe seeking to withdraw the motion to convert. I will strike the notice of conversion and deny the request to withdraw the motion to convert.

█ Bankruptcy Rule 1017(d) requires a motion in order to convert a case to Chapter 11 under 11 U.S.C. § 706(a). Thus the

debtor's notice of conversion shall be stricken.

■ Bankruptcy Rule 1017(d) further provides that the mere filing of a motion to convert under 11 U.S.C. § 706(a) does not create a contested matter under Bankruptcy Rule 9014. Thus, F.R.Civ.P. 41(a)(1) does not apply to permit unilateral withdrawal of the debtor's pending motion to convert. See Bankruptcy Rules 7041 and 9014. In any event, the debtor appears to seek withdrawal of the motion to convert only if the notice of conversion would be given effect. The praecipe seeking to withdraw the motion to convert will be denied.

■ The motion to convert and the motion to reconvert will be heard at the scheduled hearing, at which time the court will consider any attack upon the debtor's eligibility under 11 U.S.C. § 109(d) to be a debtor under Chapter 11 [1] as well as the appropriateness of reconversion of the case to Chapter 7 in the event the debtor is entitled to convert to Chapter 11. Although the debtor may have an absolute right to convert to Chapter 11, as the Bankruptcy Rules' requirement of the filing of a motion indicates, the Bankruptcy Code does not compel granting of the motion to convert instantaneously. The court may defer entry of a conversion order for a brief time sufficient to assure there is a coordinated turnover of the estate from the Chapter 7 trustee to the Chapter 11 debtor in possession,[2] and for consideration of any existing concerns that the Chapter 11 debtor ought not be allowed to operate as a debtor-in-possession unless a trustee is in place or that immediate reconversion to Chapter 7 will be appropriate upon conversion to Chapter 11.

---

1. There have been suggestions that the debtor fits in the definition of a stockbroker ineligible to be a Chapter 11 debtor.

2. I doubt that the trustee, even one appointed to protect the estate before entry of an order for relief, continues in that role if the case is converted to Chapter 11. See 11 U.S.C. § 348(e).

*But see In re Alpine Lumber and Nursery,* 13 B.R. 977 (Bankr.S.D.Cal.1981). However, the consideration of that type of question at a hearing on a motion to convert is an example of the type of matter warranting some delay in acting on the motion.