In re Mark T. TARDIFF, Debtor.

Bankruptcy No. 88–10174.

United States Bankruptcy Court,
D. Maine.

Sept. 11, 1992.

G. Charles Shumway, II, Brunette, Shumway & Ryer, Portland, Me., for debtor.

Charles W. Hodsdon, II, Bangor, Me., for State Court Tort Claimants.

MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

On March 3, 1992, this court, having reopened Mark T. Tardiff's long-closed Chapter 7 bankruptcy, denied his motion to revoke his Chapter 7 discharge and convert to Chapter 13. Tardiff could not establish grounds for relief from his September 14, 1988, discharge under F.R.Bankr.P. 9024 and F.R.Civ.P. 60(b). Thus, conversion to Chapter 13 would serve no purpose. *In re Tardiff,* 137 B.R. 83 (Bankr.D.Me.1992) (hereafter *Tardiff I* ).

Tardiff appealed the order denying revocation of discharge and denying conversion. The district court vacated the order and remanded for further consideration in light of *Matter of Martin,* 880 F.2d 857 (5th Cir.1989) (hereafter *Martin*). The parties have briefed the impact of *Martin.* Today, I conclude that *Tardiff I* is consistent with *Martin* and the policies underlying it. Tardiff cannot remove the obstacles that previously blocked his path. Accordingly, I must again deny Tardiff's motion.[1]

DISCUSSION

1. *Background.*

The pertinent facts are set forth in *Tardiff I,* 137 B.R. at 84–85. In summary: Tardiff injured five people ("the tort claimants") in an automobile accident on December 31, 1987. He concedes that he was unlawfully operating his car while intoxicated at the time. In an attempt to discharge resulting liabilities, Tardiff filed for Chapter 7 protection on April 27, 1988. He received a discharge on September 14, 1988. The case was closed the next day.

Under § 523(a)(9) of the Code,[2] the 1988 discharge did not extinguish Tardiff's lia-

1. There are no contested factual issues. This memorandum of decision sets forth the court's conclusions of law. F.R.Bankr.P. 7052.

2. All references to statutory sections or to the "Code" are to the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101, *et seq.* (1992), unless otherwise indicated.

bility to the tort claimants. They filed a civil action against him in state court in April 1990, and the court held in their favor.[3] On January 3, 1992, Tardiff moved to reopen his bankruptcy case, filing immediately thereafter his "Motion for Revocation of Discharge and Conversion to Chapter 13."

### 2. Tardiff I.

Tardiff consistently has recognized that, in order for conversion to provide him the relief he seeks, he must somehow obtain nullification of the 1988 discharge.[4] Tardiff I held that a debtor's request for relief from a previously-entered discharge order must be considered under F.R.Bankr.P. 7054, which substantially incorporates F.R.Civ.P. 60(b).[5] It rejected Tardiff's assertion that, because the Code provides that a debtor may convert a previously unconverted Chapter 7 case to Chapter 13 "at any time,"[6] post-discharge motions to convert must be granted without pausing to consider whether independent grounds exist to set aside the discharge.[7] Applying Rule 60(b) and First Circuit authority, I concluded that Tardiff could not obtain relief from the 1988 Chapter 7 discharge and, therefore, could not convert his case to Chapter 13.[8]

### 3. The District Court Remand.

The district court vacated Tardiff I and remanded for reconsideration, concluding that Tardiff's attempt to revoke his discharge and convert to Chapter 13 should be evaluated in light of the Fifth Circuit's Martin decision:

> Although Tardiff neglected to cite the strongest authority available for his position to either the bankruptcy court or this court, his argument is not entirely

novel or unsupported. The Fifth Circuit has held that a debtor may convert his or her case from Chapter 7 to chapter 13 even after a discharge has been granted. In re Martin, 880 F.2d 857, 860 (5th Cir.1989). The Fifth Circuit has not indicated, however, what effect conversion will have on the previously granted discharge. Id.

> Of course, neither the bankruptcy court nor this court is bound by a decision of a court of appeals for another circuit. The only appellate decision on point, however, does conflict directly with the decisions of courts outside this circuit on which the bankruptcy court relied. The bankruptcy court should reconsider its decision in light of the reasoning advanced by the Fifth Circuit, giving their decision as much weight as its intrinsic persuasiveness merits.

In re Tardiff, 146 B.R. 499 at 499–500 (D.Or.1992).

### 4. The Significance of Martin.

Martin addressed the case of a Chapter 7 debtor who filed for relief in the midst of divorce proceedings. Her discharge was entered before she and her ex-spouse finalized a property settlement. In the course of the bankruptcy case, the ex-spouse sought to purchase estate assets, including interests in real estate and personal property formerly held as community property. In response to the bankruptcy trustee's application to approve the sale, and after her discharge had been granted, the debtor sought to convert her case to Chapter 13. She filed a proposed plan that would pay 100% of her debts, while she retained the assets that otherwise would have been

---

**3.** Tardiff concedes that his tort liabilities to the accident victims were not discharged in 1988. Issues relating to the discharge and the scope of § 523(a)(9) as it read in 1988 are discussed in Tardiff I, 137 B.R. at 85 n. 5.

**4.** See Tardiff I, 137 B.R. at 85.

**5.** Id. Tardiff I held that the statutory discharge revocation provisions of §§ 727(d) and 727(e) are not available to the debtor. 137 B.R. at 86.

**6.** 11 U.S.C. § 706(a).

**7.** Pointing to § 706(a), [Tardiff] argues that, because a debtor has the "absolute right" to convert his Chapter 7 case to Chapter 13 "at any time," it necessarily follows that an earlier-entered discharge can be dispensed with upon request. The law is to the contrary. Tardiff I, 137 B.R. at 85.

**8.** Id., 137 B.R. at 88–89.

sold. *Martin,* 880 F.2d at 858.[9] The bankruptcy court denied the debtor's motion and later authorized the sale. *Id.*

The district court reversed on appeal, holding that the debtor's right to convert was absolute, so long as the case had not been previously converted. *In re Martin,* 87 B.R. 20 (E.D.La.1988). The district court based its decision on § 706(a) and its legislative history, which provides that "... the debtor should always be given the opportunity to repay his debts." 87 B.R. at 21 (quoting H.R. Rep. 95–595, U.S.C.C.A.N. 1978, at 5787, 6336). *See also* S.Rep. No. 95–989, U.S.C.C.A.N.1978 at 5880. The district court considered that the debtor's previously-entered discharge "was of no consequence" to her right to convert and that the bankruptcy court had "no discretion" to deny conversion. 87 B.R. at 21.[10]

The Fifth Circuit affirmed the district court. It declared that the policy of allowing debtors to pay off their debts made the right to convert all but absolute.

The courts refuse to interfere with that right in the absence of extreme circumstances. [Cite.] Because [Mr.] Martin does not allege facts which if true would provide an adequate ground to deny the debtor's motion to convert, we agree with the district court's conclusion that

the bankruptcy court erred in denying the conversion.

*Martin,* 880 F.2d at 859. Thus, although the Fifth Circuit's characterization of the right to convert is sweeping, *Martin* explicitly recognizes that facts may exist which will defeat a conversion attempt.[11] *Martin* states that entry of the Chapter 7 discharge does not foreclose a debtor's right to convert from Chapter 7 to Chapter 13. It does not, however, stand for the proposition that the right to convert is in all respects unqualified.[12]

*Tardiff I* is not at odds with *Martin.* *Tardiff I* recognized that entry of a Chapter 7 discharge does not bar conversion to Chapter 13 so long as the debtor is capable of demonstrating grounds for setting that discharge aside. However, the bare intention to convert is not, by itself, a sufficient ground for relief from a final order of discharge. 137 B.R. at 86.

#### 5. *The Outer Limits: What Factors May Foreclose Conversion?*

Since *Martin* was decided, bankruptcy courts have recognized a variety of circumstances which may, and sometimes must, bar conversion of a previously unconverted case from Chapter 7 to Chapter 13.

■ Virtually every case discussing § 706(a) notes that the underlying legisla-

---

**9.** *See* 11 U.S.C. § 1306(b) (debtor remains in possession of all property of the Chapter 13 estate except as provided in Chapter 13 plan or order confirming plan).

Martin's initiated her response to the proposed sale soon after entry of her Chapter 7 discharge. Discharge entered March 24, 1987 and notice of the discharge was mailed by the clerk on April 8. On April 9, Martin offered to purchase the estate's interest in the assets. The trustee's proposed sale of assets to the debtor's ex-spouse was set for hearing on July 20, 1987, but on July 10 the debtor moved to continue hearings on the sale and to convert to Chapter 13. *Martin,* 880 F.2d at 858.

**10.** In making its observations, the district court relied on commentary acknowledging the debtor's right to convert a case before an order for relief is entered. *See* 4 *Collier on Bankruptcy* ¶ 706.001 at 706–02 (15th ed. 1987 Supp.1992), quoted at 87 B.R. at 21. There is some indication that the district court was using the terms "order for relief" and "discharge" synonymously. *But see* § 301 (commencement of voluntary case constitutes order for relief); § 303(h) (or-

der for relief in involuntary case entered only upon debtor's default or upon making certain findings); § 727 (discharge).

**11.** The court of appeals did not go so far as to embrace the district court's pronouncement that the bankruptcy court had "no discretion" to deny the debtor's request for conversion. *Id.*

**12.** That conversion should not be considered a *fait accompli* merely on the debtor's say so is clear from the procedural requirements that the Code and the rules impose. An effort to convert must be initiated by motion. *See* F.R.Bankr.P. 1017(d) ("Conversion ... pursuant to §§ 706(a) ... shall be on motion filed and served as required by Rule 9013.") Proceeding by motion would be unnecessary if effective objections to conversion could not be made. *Cf. In re Latin Investment Corp.,* 125 B.R. 327, 328 (Bankr. D.D.C.1991) (motion and hearing required on attempt to convert from Chapter 7 to Chapter 11).

tive policy of permitting debtors to repay their debts is central to the right to convert. *Martin,* 880 F.2d at 859; *Finney v. Smith (In re Finney),* 141 B.R. 94, 97 (E.D.Va.1992); *Street v. Lawson (In re Street),* 55 B.R. 763, 765 (Bankr. 9th Cir. 1985); *In re Spencer,* 137 B.R. 506, 511 (Bankr.N.D.Okla.1992); *In re Kleber,* 81 B.R. 726, 727 (Bankr.N.D.Ga.1987); *In re Jennings,* 31 B.R. 378, 380–81 (Bankr. S.D.Ohio 1983). However, legal or practical obstacles may block conversion.

For instance, a court is not required to allow conversion when doing so would operate to pervert, rather than to implement, congressional policy. In those circumstances, an attempt to invoke § 706(a) should fail, either through exercise of the bankruptcy court's equitable powers under § 105(a) or because the debtor seeks resort to Chapter 13 without the good faith that the Code requires. As one court has observed, "Where conversion to Ch. 13 amounts to an attempt to escape debts rather than to repay them, the reason for the rule ceases—and there the rule ceases also." *In re Spencer,* 137 B.R. at 512.[13]

*In re Calder,* 93 B.R. 739 (Bankr.D.Utah 1988) concerned an attorney who filed four bankruptcy petitions within a period of seven years. Two petition were dismissed as bad faith filings. After discharge was denied in his fourth case, the debtor moved to convert from Chapter 7 to Chapter 13. After expressing doubts about the debtor's motivation, the court denied the motion. The Chapter 7 trustee had already collected approximately $80,000 for creditors' benefit—sufficient funds to satisfy them all. The court found that conversion would only provide the debtor further opportunity to delay paying his creditors. In order to prevent "further abuse of the system," the court invoked its equitable powers under § 105 to deny the motion. *In re Calder,* 93

B.R. at 740. The Fifth Circuit cited *Calder* approvingly in *Martin. Martin,* 880 F.2d at 859, n. 2. *See also In re Spencer,* 137 B.R. at 512; *In re Higginbotham,* 111 B.R. 955, 963–64 (Bankr.N.D.Okla.1990); *In re Finney,* 141 B.R. at 97 ("[T]he debtor does have a right to convert his case ... however, in certain limited circumstances, conversion may be denied.")

*In re Spencer* notes that the debtor's right to convert is subject to the general jurisprudential restraints placed upon action taken in a bankruptcy case:

> [A]ny action taken before this Court, under 11 U.S.C. or any other statute, is always subject to review for bad faith, as an abuse of the court's jurisdiction or process, for gross inequity (e.g. sufficient to raise an estoppel), or on similar ground. This includes attempted conversion from Ch. 7 to Ch. 13 under § 706(a).

*In re Spencer,* 137 B.R. at 511.

Conversion need not be permitted where it serves no point. *In re Safley,* 132 B.R. 397 (Bankr.E.D.Ark.1991); *In re Sieg,* 120 B.R. 533 (Bankr.D.N.D.1990); *In re Jones,* 111 B.R. 674, 679 (Bankr.E.D.Tenn.1990). For example, the First Circuit's Bankruptcy Appellate Panel recognized long before *Martin* that conversion should not be permitted in circumstances where the debtor is demonstrably incapable of proposing a feasible plan. *In re Lilley,* 29 B.R. 442 (Bankr. 1st Cir.1983). Similarly, conversion is pointless where, as here, a pre-existing Chapter 7 discharge renders resort to Chapter 13 meaningless and the debtor cannot or will not obtain relief from that order. *In re Safley,* 132 B.R. at 399–400; *In re Jones,* 111 B.R. at 680. Nor should conversion be permitted where the debtor cannot demonstrate good faith or meet the Chapter 13 eligibility requirements set forth in § 109(e).[14]

---

**13.** *Spencer* cited *Martin* for the proposition that the court may withhold or deny the right to convert in appropriate circumstances. *Id.*

**14.** There exist some case authorities which intimate that a case may be converted "of right," and thereafter, instantaneously "reconverted." *See, e.g., In re Finney,* 141 B.R. at 97; *In re Latin Investment Corp.,* 125 B.R. at 328. Such an

exercise is pointless and exalts form over substance. Circumstances which justify reconversion are adequate to deny conversion in the first place. *In re Finney,* 141 B.R. at 97. As the authorities cited in the text show, there are good grounds to deny conversion where it is futile or impermissible to continue in the chapter to which conversion is sought.

In some cases, the prior discharge should not stand in the way of conversion. For example, in *Martin*, the motion to convert came while the case remained open, shortly after the discharge order was entered. Assets continued under court administration, and the debtor's aim was to effect payment to his or her creditors.[15] But in other cases, such as this one, the scenario is radically different. Tardiff's motion to convert comes years after his discharge was entered. The case has long been closed. Tardiff's aim is inconsistent with the legislative policy underlying § 706(a). The court must employ the analytical framework provided by the rules to decide whether a debtor should be granted relief from his prior discharge in such circumstances so that he may effectively convert to Chapter 13. Proceeding in that fashion permits the court to consider pertinent policies, including the efficient administration of the bankruptcy laws [16] and the impact of conversion on parties in interest. *See Tardiff I*, 137 B.R. at 87–89.

Some may read *Martin* as placing the "burden" of establishing facts to defeat a debtor's attempt to convert on parties opposing conversion and may, therefore, criticize today's decision as impermissibly shifting the burden to the debtor. However, such criticism is unwarranted. To begin, *Martin*'s broad dictum is neither clear nor compelling. In addition, it is the debtor's role to demonstrate his or her qualification for Chapter 13 relief. The burden is on the debtor to show that he or she has "regular income" and is within the debt limitations of § 109(e). *In re Sassower*, 76 B.R. 957, 960–61 (Bankr.S.D.N.Y.1987). In some circumstances, e.g. "Chapter 20", the debtor must demonstrate that resort to Chapter 13 is being made in good faith. *See, e.g., In re Metz*, 820 F.2d 1495 (9th Cir.1987). *But see, In re Flick*, 14 B.R. 912, 916 (Bankr. E.D.Pa.1981). Thus, when a party opposing conversion points to factors that should prevent it, it is not unfair to require the debtor to demonstrate that conversion is warranted.

### 6. *Beyond the Outer Limits: Denying Conversion.*

■ As noted previously, Tardiff's motion to convert came late: years after discharge was entered, long after the case was closed, and many months after the tort claimants filed suit against him in state court. Moreover, his motivation for conversion was, and remains, to avoid paying his undischarged obligation to the tort claimants in full. This is something that he would be unable to accomplish by filing a new Chapter 13 petition, given intervening amendments to § 1328(a). *Tardiff I*, 137 B.R. at 89.

Chapter 13 and § 706(a) were enacted to provide debtors the opportunity to pay

---

**15.** The *Martin* court did not discuss whether revocation of the discharge was a necessary prerequisite to conversion or whether, if it was, analysis should proceed under F.R.Bankr.P. 9054 and F.R.Civ.P. 60(b). However, given the timing of Martin's motion to convert and her motive (i.e., to pay her creditors), obtaining relief from the discharge would have presented a relatively low hurdle to clear.

Rule 60(b) is the accepted avenue for treating debtors' requests for relief from discharge orders. *Tardiff I*, 137 B.R. at 86. In *Martin*, the debtor's attempt to convert was timely and conversion would have resulted in benefit, rather than prejudice, to her creditors. Assuming that a motion for relief from discharge was brought under Rule 60(b)(6), the "exceptional circumstances" warranting relief might include the opportunity to implement congressional favoring providing the debtors with an opportunity to repay obligations by invoking Chapter 13. Resolution of the motion would require inquiry into all three factors: timeliness, prejudice and exceptional circumstances. *See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992); *Tardiff I*, 137 B.R. at 876. Of course, the motion might also be brought under Rule 60(b)(1)–(5) or, if timely, under Rule 59. *See* F.R.Bankr.P. 9023, 9024.

**16.** Although § 706(a) speaks of the debtor's ability to convert "at any time," it is reasonable to conclude that there is some temporal limit on the right's exercise. Utilizing Rule 60(b), the court may consider the delay between discharge and the attempt to convert as a factor in deciding whether relief from the discharge should be granted so that conversion may take place. While time is not necessarily the determining factor, at some point delay may warrant denying conversion. Otherwise, the finality of the discharge would be undermined. Chapter 7 bankruptcy cases would never truly close: They would simply be "continued without date."

their creditors over time, rather than to offer them pennies on the dollar in liquidation. Here, Tardiff seeks to do something else: If allowed to convert, he will avert his obligation to pay the tort claimants their due. *Id.* This court need not permit Tardiff, through his late coming conversion gambit, to pervert the policies on which § 706(a) rests. Limitations on the right to convert springing from the Code and the rules ensure that.

Having considered the rationale of *Martin* carefully, I conclude that it was appropriate to consider whether Tardiff could obtain relief from his Chapter 7 discharge before permitting him to convert his 1988 bankruptcy case to Chapter 13.[17] Given that he cannot obtain relief from that order, I conclude that he may not convert his case.[18]

## CONCLUSION

For the reasons set forth above, Tardiff's motion for revocation of discharge and for conversion to Chapter 13 must be denied. The case will be again dismissed. A separate order consistent with this opinion will issue forthwith.

---

17. *Tardiff I* sets out a detailed application of Rule 60(b) to the facts of this case. It need not be repeated here. *See Tardiff I,* 137 B.R. at 86–88.

18. Accordingly, I need not reach the issue of bad faith here, nor rely upon this court's § 105 powers to deny conversion.