In re John Albert **GROSSOT**, Sandra Kay Grossot, Debtors.

**Bankruptcy No. 95–05493–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 4, 1997.

Robert Pflueger, Maitland, FL, for Debtors.

Scott Stickler, Tampa, FL, for Walgreen's.

Laurie Weatherford, Trustee, Winter Park, FL.

### *MEMORANDUM OPINION*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtors' Motion to Vacate Order Approving Trustee's Motion for Approval and Notice of

Compromise of Controversy with Walgreen Company. (Doc. 63). Appearing before the Court were Robert Pflueger, counsel for the Debtors, John Albert Grossot and Sandra Kay Grossot; Laurie K. Weatherford, Trustee; and Scott Stickler, counsel for Walgreen Company. After reviewing the pleadings, evidence, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

John Albert Grossot ("Mr. Grossot") filed an employment discrimination case a against Walgreen Company ("Walgreen") in the United States District Court, Middle District of Florida, Orlando Division ("District Court"), case number 95–1316–CIV–ORL–19, on December 22, 1995. John Albert Grossot and Sandra Kay Grossot ("Debtors") filed for relief under Chapter 7 of the Bankruptcy Code on October 16, 1995. 11 U.S.C. § 101 *et seq.* James C. Orr was appointed Trustee ("Trustee") of the bankruptcy estate. Sandra Kay Grossot ("Mrs. Grossot") filed an employment discrimination case against Walgreen in District Court, case number 96–74–CIV–ORL–22, on January 22, 1996.

The two discrimination cases were declared property of the bankruptcy estate to the extent they exceeded the sum of $248.00 on January 18, 1996. The Trustee and Walgreen agreed to settle both discrimination cases for the sum of $16,250.00. The Trustee agreed to (1) seek to be substituted as the proper party in interest in both cases, (2) promptly dismiss the cases, and (3) release any and all claims the Debtors had against Walgreen at the time the bankruptcy petition was filed in return for payment of $16,250.00 to the bankruptcy estate. The agreement was conditioned upon the approval of the Court.

The Trustee was substituted for the Debtors as the proper plaintiffs in each of the discrimination cases in District Court. The Trustee filed a Motion for Approval and Notice of a Proposed Compromise of a Controversy (Doc. 31) in the bankruptcy case on July 9, 1996. The Debtors and their counsel in the discrimination cases filed objections to the compromise motion on July 26th and 29th. (Docs. 32, 33 and 34.) A hearing was held on September 4, 1996. The Debtors indicated that they were considering converting their case to a chapter 13. Issues regarding the compromise of the discrimination cases could be dealt with in a chapter 13 proceeding. The Court orally ruled that the Motion for Approval of the proposed compromise would be granted and all objections overruled, unless the Debtor moved for conversion to chapter 13.

The Debtors' filed a Notice of Conversion to Chapter 13 (Doc. 37A) on September 9, 1996. The Court entered a written order approving the Trustee's Motion for Approval of the proposed compromise on September 10, 1996 in error. The Debtors filed a Motion to Vacate the Court's Order Approving Trustee's Motion for Approval and Notice of a Proposed Compromise of a Controversy on December 16, 1996.

## CONCLUSIONS OF LAW

The issue before the Court is whether the Debtors' Motion to Vacate Order Approving Trustee's Motion for Approval and Notice of a Proposed Compromise of a Controversy should be granted because of error.

Rule 60 of the Federal Rules of Civil Procedure provides:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

This rule is made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, as follows:

Rule 60 applies in cases under the Code except that (1) a motion to reopen a case under the Code ... is not subject to the one year limitation prescribed in Rule 60(b). . . .

Bankr.Rule 9024.

■ The Order approving the Trustee's Motion for Approval of the proposed compro-

mise entered on September 10, 1996 was entered under a mistake of fact and the court has the power to review that order sua sponte. *Cisneros v. United States (In re Cisneros),* 994 F.2d 1462, 1466 (9th Cir.1993). The plain language of Rule 60(b) and Bankruptcy Rule 9024 supports this authority. *See In re Lenox,* 902 F.2d 737, 739–40 (9th Cir.1990); *Taylor v. Lake (In the Matter of CADA Investments, Inc.),* 664 F.2d 1158, 1161 (9th Cir.1981). Rule 60(b) provides that a court may relieve a party from a final order upon motion, but it does not prohibit a bankruptcy judge from reviewing sua sponte, a previous order. The Court, itself, brings forward Rule 60(b) as a possible source of authority for the relief requested, but its reconsideration of the order was prompted by the Debtors' motion and in that sense did not occur sua sponte.

■ Section 706(a) provides as follows:
The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this section is unenforceable.

11 U.S.C. § 706(a). *See In the Matter of Martin,* 87 B.R. 20, 21 (E.D.La.1988). Both the House and Senate reports in the legislative history of § 706(a) explain that the statute gives the debtor the absolute right to convert, so long as the debtor has not previously converted the case nor converted in bad faith. *See In re Kitchens,* 702 F.2d 885 (11th Cir.1983); H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), p. 380, 1978 U.S.Code Cong. & Ad.News at pp. 5963, 6336; S.Rep. No. 95–989, 95th Cong., 2nd Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The debtor should always be given the opportunity to repay his debts, regardless of the circumstances under which those debts were incurred. *See In re Griggs,* 181 B.R. 111, 116 (Bankr.N.D.Ala.1994); *In re Jennings,* 31 B.R. 378, 380 (Bankr.S.D.Ohio 1983).

■ The property of a chapter 13 estate vests in the debtor upon conversion. The Trustee's service will be terminated and the Trustee no longer has standing to continue matters that had been commenced before conversion. The Trustee cannot pursue them or any other activities in the chapter 13 case. *See In the Matter of Hahn,* 31 C.B.C.2d 313, 167 B.R. 693 (Bankr.N.D.Ga. 1994); 3 *Collier on Bankruptcy,* ¶ 348.06[3] (15th ed. 1997).

■ The order of the Court was entered under a misapprehension as to the facts of the case. Had the Court been apprised of the actual facts; that the Debtors did in fact file a notice of conversion of the case to chapter 13, it would have not entered the order. This is precisely the sort of "mistake" or "inadvertence" that Rule 60(b) was intended to reach. There is no obstacle to the Court's invocation of the rule to correct itself.

■ Section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It also provides that the court can take any action or make "any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The bankruptcy court has the equitable power to correct, modify, or vacate its own interlocutory orders. *Coggin v. Coggin (In re Coggin),* 30 F.3d 1443, 1451 (11th Cir.1994); *See A & A Sign Co. v. Maughan,* 419 F.2d 1152, 1155 (9th Cir.1969); *Dore & Assoc. Contracting, Inc. v. American Druggists' Inc.,* 54 B.R. 353, 360 (Bankr.W.D.Wis.1985). The Court is correcting its own mistake here. *Coggin v. Coggin (In re Coggin),* 30 F.3d at 1451.

This is the type of case where is it appropriate for § 105 to correct a wrong and potent miscarriage of justice. Accordingly, the Debtor's relief sought in the Motion to Vacate the Court's Order Approving Trustee's Motion for Approval and Notice of a Proposed Compromise of a Controversy is due to be granted.