**In the Matter of Anthony WASHING-TON and Gwendolyn Elaine Washington, Debtors.**

**Bankruptcy No. 98–16779–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida, Miami Division.

Dec. 29, 1998.

Timothy S. Kingcade, Miami, Florida, for the debtor.

Michael R. Bakst, West Palm Beach, Florida, for trustee.

*ORDER*

ROBERT K. RODIBAUGH, Bankruptcy Judge.

On October 13, 1998, Chapter 7 Trustee Deborah C. Menotte ("the Trustee") filed her Trustee's Emergency Verified Motion to Compel Appearance at Rule 2004 Examination and For Sanctions Pursuant to Local Rule 913(d). On October 15, 1998,

the court held a hearing on this matter, at the conclusion of which it took this matter under advisement.[1]

## Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and the special designation of the Judicial Council of the Eleventh Circuit, appointing the undersigned to serve temporarily as a bankruptcy judge in the United States Bankruptcy Court for the Southern District of Florida, this matter has been referred to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This order shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014. Any conclusion of law more properly classified as a factual finding shall be deemed a fact and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

## Findings of Fact

On July 27, 1998, the debtors filed their Voluntary Petition under Chapter 7 of the Bankruptcy Code. At that time, they were represented by Richard Morgentaler, Esq. ("Morgentaler"). On their schedules, the debtors listed two parcels of real property—one that contains slightly more than $40,000.00 in equity and is claimed by the debtors to be their homestead, and one listed by the debtors as rental property.

On September 21, 1998, the Trustee drove to Miami to inspect the property owned by the debtors. She discovered that the property claimed by the debtors as their homestead was for sale and was not occupied by the debtors, but by the prospective purchasers of the home. She

found a "For Sale" sign on the front lawn, with a "Sold" sticker on it. She also found that the rental property listed by the debtors was not occupied by tenants, but by the debtors. The debtors had allegedly accepted a $16,000.00 down payment pursuant to a prepetition sales contract for the sale of their alleged homestead, and did not disclose either the contract to purchase that property or the down payment in their bankruptcy schedules. The Trustee then learned that the sale price of the alleged homestead property exceeded $165,000.00, while the debtors valued the property at only $140,000.00 on their bankruptcy schedules. See Trustee's Motion, Exhibit 5. The Trustee also discovered a Volkswagen Beetle, what she believed to be a brand new dining room set, a grandfather clock, computers, encyclopedias and other assets not disclosed in the debtors' schedules. Trustee has provided the court with a copy of the contract for the sale of the property claimed by the debtors as their homestead. The debtors did not disclose this contract in their schedules. The contract purports to sell not only the alleged homestead property, but other items of personal property, such as a riding lawn mower, two chandeliers, a television and all major appliances, none of which is disclosed on the debtors' schedules.

Because of the Trustee's discoveries, she retained Michael R. Bakst, Esq., ("Bakst") as counsel for the Trustee. Shortly thereafter, Bakst moved the court to schedule an examination of the debtors pursuant to Federal Rule of Bankruptcy Procedure 2004 for October 8, 1998 ("the Examination"), which the court granted. On September 28, 1998, he sent a letter to Morgentaler informing him of the Examination and offering four alternate dates in the event the scheduled date was inconvenient for his clients. Neither the debtors nor Morgentaler responded to Bakst's letter.

---

1. The court notes that during the hearing, the debtor agreed to appear for the examination under Federal Rule of Bankruptcy Procedure 2004 which was sought by the Trustee, leaving this court to decide only the propriety of sanctions under Federal Rule of Bankruptcy Procedure 7037(b)(2).

Instead, the debtors sent a Notice of Conversion purporting to convert their case to one under Chapter 13. The Notice of Conversion was not filed with the court until October 13, 1998, five days after the date set for the Examination, and did not include a form of order granting the conversion. The debtors did not seek a protective order preventing the Examination. On October 6, 1998, in response to the Notice of Conversion, Bakst notified Morgentaler via facsimile transmission that the Notice of Conversion would not prevent the Examination.

On October 6, 1998, Timothy Kingcade, Esq., ("Kingcade") contacted Bakst by telephone and advised that he had taken over as counsel for the debtors. Kingcade asserted that his clients had an absolute right to convert to Chapter 13 upon notice alone, and that such conversion would nullify the authority of the Trustee or her counsel to conduct the Examination. On October 8, 1998, neither Kingcade nor his clients appeared at the scheduled Examination. That same day, Bakst sent a letter to both Morgentaler and Kingcade by facsimile transmission, requesting that they agree both to produce the debtors for another Rule 2004 examination, and pay his fees and costs for the missed Examination on October 8, 1998. On October 9, 1998, Kingcade responded via facsimile transmission, asserting that the Notice of Conversion divested the Trustee of her authority to conduct the Examination. Kingcade also indicated that neither he nor the debtors would reimburse Bakst for his fees and costs, asserting that he had previously informed Bakst that the debtors would not appear, relying on their purported conversion to Chapter 13 to divest the Chapter 7 Trustee of her power. Finally, Kingcade wrote, "[c]ontinued molestation of the Debtors by your client and your law firm is sanctionable conduct and we will seek all appropriate remedies against your client, you and your law firm for this unauthorized behavior." *See* Trustee's Motion, Exhibit 4. Shortly after receipt of this letter, Bakst filed the instant motion.

*Conclusions of Law*

The issue before the court is whether or not to enter sanctions against the debtors for their failure to appear at the Examination pursuant to Federal Rule of Bankruptcy Procedure 7037. That rule incorporates Federal Rule of Civil Procedure 37, which permits the court to "require the party failing to [comply with discovery orders] or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by that failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2) (West Group 1998).

In determining the whether the debtors' failure to appear at the Examination was substantially justified, the court must first determine whether the debtors had properly converted their case from one under Chapter 7 to one under Chapter 13 prior to the Examination. If the debtors' attempt at conversion was proper, their failure to appear at the Examination would have been substantially justified, and sanctions for their failure to appear would be inappropriate.

■ The debtors assert that the Notice of Conversion they signed and distributed to all creditors was adequate on its own to convert their case to Chapter 13. The debtors rely on 11 U.S.C. § 1307(a) to support their contention that they have an absolute right to convert their case from Chapter 7 to Chapter 13, and that, according to Federal Rule of Bankruptcy Procedure 1017(d), "[a] Chapter ... 13 case shall be converted without court order on the filing by the debtor of a notice of conversion pursuant to §§ 1208(a) or 1307(a). . . ." Under such language, if the debtors sought to convert a Chapter 13 case to Chapter 7, they would only have to prepare, file and serve on all parties-in-interest a notice of conversion, as they did. Neither § 1307(a) nor the above-quoted language from Rule 1017(d), however, gov-

erns the conversion of cases from Chapter 7 to Chapter 13. Instead, 11 U.S.C. § 706(a) governs such a conversion. That section provides:

> (a) The debtor may convert a case under this Chapter to a case under Chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a) (West Group 1998). Further, Federal Rule of Bankruptcy Procedure 1017(d) provides that "[c]onversion or dismissal pursuant to §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013." Fed.R.Bankr.P. 1017(d) (West Group 1998). Federal Rule of Bankruptcy Procedure 9013 provides:

> **Rule 9013. Motions; Form and Service**
>
> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules....

Fed.R.Bankr.P. 9013 (West Group 1998). Finally, United States Bankruptcy Court, Southern District of Florida Local Rule 1017–1(a) requires that any "motion to convert or notice of conversion pursuant to 11 U.S.C. § 706(a), § 1112(a), § 1208(a) or § 1307(a), must be accompanied by the appropriate Local Form 'Order Converting Case' or 'Order Upon Conversion.'" As the Tenth Circuit noted in *Calder v. Payne (In re Calder)*, 973 F.2d 862, 867 (10th Cir.1992), "a motion to convert pursuant to § 706(a) is not effective in and of itself, but rather is a request for a court order of conversion. This conclusion is bolstered by Rule 1017(d)'s different treatment of

conversions from Chapters 12 or 13, which 'shall be converted without court order on the filing by the debtor of a notice of conversion.'" *See also In re Spencer*, 137 B.R. 506, 513 (Bankr.N.D.Okla.1992) (finding Federal Rule of Bankruptcy Procedure 1017(d)'s requirements for conversion from Chapter 7 to Chapter 13 appropriate and necessary for proper conversion); *In re Latin Investment Corp.*, 125 B.R. 327 (Bankr.D.D.C.1991) ("Bankruptcy Rule 1017(d) requires a motion in order to convert a case ... under 11 U.S.C. § 706(a).").

■ As an initial matter, the court notes that while the debtors assert that they have an absolute right to convert from Chapter 7 to Chapter 13, and the trustee asserts that the right to convert from Chapter 7 to Chapter 13 is limited, the court need not reach that issue. *See Nikoloutsos v. Nikoloutsos*, 222 B.R. 297, 301 (E.D.Tex.1998) (noting that conversion under § 706(a) is a matter of right); 9 *Collier on Bankruptcy* (MB) ¶ 1017.05[1], at 1017–9 to 1017–10 (1998) ("Section 706(a) permits the debtor, as a matter of right, to convert a liquidation case to a case under Chapter 11, 12, or 13 if the case has not previously been converted from one of those Chapters to Chapter 7."); *but see In re Sully*, 223 B.R. 582, 584 (Bankr. M.D.Fla.1998) ("The right to convert under § 706(a), despite the statutory language, is not absolute."); *In re Starkey*, 179 B.R. 687, 691 (Bankr.N.D.Okla.1995) (finding that neither the text nor the legislative history of § 706(a) purports to grant a debtor a truly absolute right to convert from Chapter 7 to Chapter 11, 12 or 13); *In re Eugene Alexander*, 191 B.R. 920, 924 (Bankr.M.D.Fla.1994) ("The court should nevertheless not permit conversion if 'cause' exists...."); *In re Tardiff*, 145 B.R. 357 (Bankr.D.Me.1992). Whether the right is absolute or not, the debtors must follow the proper procedure for effecting such a conversion. Since they have not done so, their case has not properly been

converted, and the Chapter 7 Trustee has not been divested of her power.

 In the case at bar, the debtors neither filed a motion seeking conversion pursuant to Rule 9013, as Rule 1017(d) requires, nor did the debtors submit the appropriate "Order Converting Case" as Local Bankruptcy Rule 1017–1 requires. As such, their attempt to convert their case to Chapter 13 and consequently to divest the trustee of her power, failed. On October 8, 1998, the date of the Examination, Menotte retained her full powers as Chapter 7 Trustee, and Bakst, as her counsel, retained the right to conduct the Examination. Further, a plain reading of § 706(a), Rule 1017(d) and Local Bankruptcy Rule 1017–1(a) should have lead a reasonable attorney to conclude that conversion from Chapter 7 to Chapter 13 is only effective upon the entry of the Order Converting Case. Kingcade's reliance on § 1307(a) in support of his purported belief that conversion is completed upon service on creditors of a Notice of Conversion was not substantially justified and lacks good faith. His clients possessed the means with which to avoid or delay the Examination by the simple filing of either the proper motion and form of order to properly convert the case to one under Chapter 13, or the filing of a motion for a protective order under either Federal Rule of Bankruptcy Procedure 7026(c) or Local Bankruptcy Rule 7027–1(B).

The court finds that sanctions in favor of the Trustee and against Kingcade and the debtors are appropriate to compensate the Trustee for the fees, costs and expenses which she incurred by Bakst's attendance at the Examination, and the court reporter's fees associated therewith. The court therefore directs the Trustee to submit a detailed application for the fees and costs associated with the debtors' failure to attend the Examination within twenty days of the date of this Order.

### Conclusion

The court grants the Trustee's motion for sanctions, finding that: (1) the debtors' failure to attend the Examination was not substantially justified; (2) the Trustee is ordered to submit, on or before January 11, 1999, a detailed application for the fees and costs associated with the debtors' failure to attend the Examination; and (3) the debtors are ordered to file a proper motion to convert in compliance with 11 U.S.C. § 706(a), Federal Rule of Bankruptcy Procedure 1017(d) and Local Bankruptcy Rule 1017–1(a) on or before January 15, 1999 should they still wish to convert their case to Chapter 13. IT IS

SO ORDERED.